# CHARLESTON.

CULURIDES v. OTT, COMPENSATION COMMISSIONER.

Submitted September 6, 1916.   Decided September 26, 1916.

MASTER AND SERVANT—*Workmen's Compensation Act—Compliance with Act.*

Under chapter 15P, Code, requiring the state compensation commissioner in administering the workmen's compensation fund to ascertain the substantial rights of the claimants in such manner as will "carry out justly and liberally the spirit of the act" unrestricted by technical and formal rules of procedure, an application by the brother of a miner, who died from an injury not self-inflicted or resulting from wilful misconduct or disobedience of the rules of an employer entitled to the protection of the act, but inflicted in the course of the employment, made out on the form prescribed by the commissioner, except as to the signature of the claimant, and filed in due time—supplemented by information furnished by an attorney of the claimant and a like application duly signed by her, she being a dependent and resident on the island of Crete, and filed with the commissioner, though by reason of the foreign residence twelve days after the expiration of the limitation fixed by the statute, and information ascertained by investigation conducted by agents of the commissioner—the data so furnished showing a meritorious claim to compensation, together constitute a valid application therefor, warranting payment out of such fund.

Appeal from Order of State Compensation Commissioner.

Proceeding by Cleanthe Culurides, for compensation for the death of a deceased servant. From an order. of Lee Ott, State Compensation Commissioner, denying compensation, applicant appeals.

*Compensation allowed; remanded.* ·

*Ivory C. Jordon,* for appellant.

*A. A. Lilly,* Attorney General, and *Frank Lively,* Assistant Attorney General, for appellee.

LYNCH, JUDGE:

The claim of Cleanthe Culurides and her infant daughter four years old, resident in the isle of Crete, against the workmen's compensation fund now administered by the Hon. Lee Ott, state compensation commissioner, was disallowed and refused by him, solely because an application therefor made out in due form and signed by the claimant in person was not filed within the six months limitation period prescribed by §39, ch. 9, acts 1913. John Culurides was killed instantly by contact with a highly charged electric wire operated in the mines wherein he was employed at the time of the accident. He and his brother George were engaged in the service of the Superior Pocahontas Coal Company at its colliery located at · Davy in McDowell county. The wife and daughter of the decedent remained on the island of Crete. Both were dependent upon him for maintenance and support. The coal company had qualified pursuant to the requirements of the act, and thereby secured itself against actions for injuries inflicted upon its employees in the course of their employment.

The accident occurred April 12, 1915. The act of 1913, constituting the public service commission, and appointing it as administrator of the fund to be raised thereunder to compensate persons injured in industrial operations, was then in force and effect; the act of 1915, superseding it and substituting the state compensation commissioner as such administrator, not taking effect until some time thereafter. Within twelve days after the date of the accident resulting in death, George Culurides, a brother of the decedent, having in some

manner not disclosed procured one of the blank forms prescribed by the public service commission for the purpose of obtaining the information required to enable the administrator of the fund to determine the legality of the claim of right to participation therein, executed the form on behalf of the dependents and filed it with the compensation commissioner. This application, when completed, contained all the data indicated by the commission, and conformed to all the requirements deemed by it essential in support of a claim, except that it was signed by George Culurides for and on behalf of the claimants and ñot by them in *propria persona*. This application ·the administrator of the fund refused to consider, though filed with him in ample time, because of the absence of the personal signatures of the claimants; and he so notified the Superior Pocahontas Coal Company or some of its officials.

After some delay, by the commissioner deemed unreasonable, George Culurides engaged the services of a Boston attorney of .the same nationality, named· Conoutas, to act for and on behalf of the widow and daughter in securing the claim. Thereupon the attorney by letter advised the commissioner of· the employment, and from him requested such information as would enable the attorney properly to present the claim and secure its allowance. From some source, pre-. sumably from the commissioner himself, the attorney obtained another blank application, which he or some one for the claimants prepared in due form and obtained the signature of the widow thereto, the infant being of such immature years that she could not in person execute it. As it was necessary, under the ruling of the commissioner to forward the application to the island of Crete for the signature of the widow before he would consider or allow it, the filing thereof was delayed until twelve days after the termination of the six months period. Whether this delay was fatal, in the circumstances of this case, is the question presented by this record.

The acts of 1913 and 1915 did require the claim to be presented in due form within six months from the date of the death. But they do not expressly require the application to be written or signed by the claimant. There is no provision of that· character in either statute. Both acts empower the ad-

78 W. Va.

ministrator to prescribe "the form of application of those claiming to be entitled to the benefits of compensation". But, conceding this provision ample to require the claimant personally to sign the application, other expressions of both statutes unmistakably evince an intention to preclude a strict construction in avoidance of the purposes of these enactments. They are to be construed and enforced untrammeled by technicalities or restrictions except such as are provided in the acts themselves. For, according to section 44 of both acts, the administrator of the fund "shall not be bound by the usual common-law or statutory rules of evidence, or by any technical or formal rules of procedure other than herein provided, but may make investigations in such manner as in its judgment is best calculated to sustain the substantial rights of the parties and to carry out justly and liberally the spirit of this act."

From what has been said and the efforts that have been made by the friends of the claimants acting for and on their behalf, it is obvious that both the public service commission and the state compensation commissioner, as authorized by the respective acts, were advised fully of the death of John Culurides; that he died immediately as the result of an injury inflicted while engaged in duties assigned to him by his employer; that the claimants were his widow and infant daughter and dependent on him for maintenance and support, and, as such, were persistently pressing their rights to participation in the fund by reason of the death of the husband and father.

That George Culurides was acting for and on their behalf clearly appears from the application which he presented. He did not presume to represent himself in the matter, as seems to be intimated by counsel for the commissioner. The only basis for this contention is the unerased printed statement on the prescribed form used by him that he was acting for and on behalf of himself and the dependents. The failure to correct the form of application by striking out the misleading statement resulted from the inadvertence of the scrivener who filled the blanks, as reasonably may be inferred or surmised. Evidently, George Culurides could not do more than

furnish the information necessary to the consummation of the application. He could neither speak nor write any language other than his native tongue. It is obvious he was not and did not pretend to be a claimant of the fund as a dependent of his deceased brother. His sole purpose, apparently, was to put in motion the proceedings which would eventually result in an award from the compensation fund of such part thereof as the widow and infant daughter were entiled to as the actual dependents of the husband and father.

Besides, in every important particular except as to signatures, the application on its face clearly furnished all the data necessary to pass upon the justness of the claim and the persons entitled thereto. If signed in their own handwriting, it could not have been more explicit.

The data so given was supported and supplemented further by the attorney employed by George Culurides to assist the claimants. The facts so furnished, when considered in connection with and as a part of the later application duly signed by the beneficiaries and presented to and filed by the commissioner, although twelve days late, show a reasonable and persistent effort to assert and press the claim to participation in the fund for and on behalf of the claimants within the six months period. Besides, upon their own initiative, the commission and the compensation commissioner, acting under the respective statutes, and by and through their agents and representatives, as shown by their reports, which constitute a part of the record, verified each and every statement contained in the two applications and the communication of the legal representative of the claimants.

In these circumstances, to refuse to allow the claim of the dependents ignores the liberality which the statute requires to effectuate its purpose. Its provisions indicate that all that is deemed necessary is that a claim shall be made; and if the form which the commissioner held insufficient states with distinctness and particularity everything which can enter as an element into the composition of the claim under the statute, it is no less good because it does not happen to be signed by the claimants in person. *Flesher* v. *Railway Co.*, 38 Scot. Law Rep. 653. The Industrial Commission of Ohio declined

to construe strictly its own rules and regulations relating to applications for compensation, where otherwise injustice would result. 9 Com. Cas. Ann. 912 (note).

Whenever an application for compensation, based on an apparently meritorious claim, seems sufficient and regular, and indicates an intention on the part of the claimant or those acting for and on his behalf to assert such claim and demand contribution out of the fund set apart for that purpose, as in this case, it ought not to be defeated by a strict adherence to rules of procedure not expressed in the statute, although formulated pursuant to its authorization. Certainly, such defeasance should not be permitted under a statute which in terms requires a construction according to equitable principles free and untrammeled by formal and technial rules of procedure. Of course, where no attempt is made to prepare and file an application within the required six months, the claim can not be allowed. Of that no doubt can arise. The statute is imperative in that respect. However, as manifestly appears, the claim here was pressed persistently during the whole of that period; and the various efforts exerted, considered together, constitute, as we think, a sufficient compliance with all reasonable requirements in contemplation of the workmen's compensation acts to justify and compel the allowance of the claim of the widow and daughter, if dependents of the decedent. And, as nothing remains to be done except to ascertain whether the claimants were dependent for maintenance and support upon the decedent and if so to fix the amount to be allowed them, our order will vacate the order of the compensation commissioner and remand the proceeding, with directions to ascertain the relation and dependency of the claimants and, if these be established, the amount to which they may be entitled, and to provide for its payment in the manner required by law, and to this end to grant such additional time and opportunity as reasonably may be deemed requisite for these purposes.

*Compensation allowed.*