# CHARLESTON.

## POCCARDI, ROYAL CONSUL OF ITALY, ETC. V. OTT, COMMISSIONER.

Submitted January 8, 1919.   Decided January 14, 1919.

1. MASTER AND SERVANT—*Workmen's Compensation Law—Participation in Fund—Application.*

   To entitle an applicant to participate in the Workmen's Compensation Fund he must have filed his application with the compensation commissioner within six months after the date of death or injury of the person on whose account the claim is made, as required by section 39 of the Workmen's Compensation Act.   (p. 167).

2. SAME—*Workmen's Compensation Act—Application for Relief—Date of Filing.*

   Neither the date of the mailing or posting of such application nor the date when by due course it should have reached the compensation commissioner can be treated as the date of the filing of such application in order to bring it within the provision of the statute, although such delay may have been due to the existence of a state of war not between the United States and the country in which such application was posted, the statute not in terms suspending the operation of the statute of limitations in such cases.   (p. 168).

Appeal from order of State Compensation Commissioner. Proceeding by Gaetano Poccardi, Royal Consul of Italy,

etc., against Lee Ott, State Compensation Commissioner, to vacate an order, refusing to consider a claim of the alleged dependents of Pietro Garufi, deceased, or to allow compensation to them, and to require the commissioner to award them compensation.

*Order of commissioner affirmed.*

*Jos. W. Henderson,* for appellant.

*E. T. England,* Attorney General, and *Frank Lively,* Assistant Attorney General, for appellee.

MILLER, PRESIDENT:

Petitioner on behalf of the alleged dependants of Pietro Garufi, deceased, seeks by this proceeding to vacate the order of the State Compensation Commissioner, made on May 13, 1918, refusing to file or consider their claim and to allow compensation to said dependants, being the widow and daughter of said decedent, and to require said commissioner to receive, award and allow them compensation pursuant to the statute creating the Workmen's Compensation Fund.

The sole ground for the commissioner's action as shown by his opinion and report was that the claim for such compensation was not made in due form or in any form within six months from and after the death of the decedent as required by section 39 of the Workmen's Compensation Act, citing and relying upon the construction and application of said section in the recent case of *Culurides* v. *Ott, Commissioner,* 78 W. Va. 696.

In the case cited there had been a *bona fide* though defective application made for compensation within the limitation prescribed by the statute. We decided that by giving the statute the liberal construction required by the provisions thereof, the defective application supplemented as it was by other proceedings, constituted a valid application for such compensation, warranting payment. But, we said in that case, what the statute plainly prescribes, that where no attempt is made to prepare and file an application within the required six months, the claim cannot be allowed, holding the statute in this respect to be imperative.

The only answer made to this proposition and the order

of the commissioner is: First, that as the formal application, mailed at Fiumedinisi, Messina, November 6, 1917, was delayed in transmission on account of the existence of a state of war, not between the United States of America and the Kingdom of Italy, but between them and the Central Powers of Europe, did not reach and was not filed with the commissioner until December 13, 1917, the application should be considered made as of the date of posting or at least as of the date when according to the usual time required for transmission, about twelve days, the same should have been received and filed with the commissioner. Second, that to deprive the applicants of compensation under the facts assumed in the first proposition is opposed to all theories of constitutional and private international law suspending the operation of the statute of limitations during the existence of war delaying or preventing intercommunication between citizens of the belligerent powers.

On the first proposition it is sufficient to answer that the statute makes no exception in favor of delayed applications; it is imperative. To entitle the applicant to participate in the compensation fund, he must substantially comply with the statute. *Luckie* v. *Merry,* 9 N. C. C. A. 895, note 906 and cases cited. The English act of 1906, section 2, as shown in the Luckie case, suspends the operation of the statute of limitations under certain circumstances such as mistake, absence and other causes. But our statute contains no such provision, and such provision cannot be interpolated under the most liberal rules of construction. Lewis' Sutherland Statutory Construction, section 367. The record shows that petitioner was promptly notified of the death of decedent a very few days after it occurred, and if anything could excuse the delay, it has not been sufficiently shown so as to justify any exception to the limitation of the statute.

On the other proposition, involving the existence of a state of war, it is sufficient to answer that the rule or principle invoked is not applicable except as between citizens of opposing belligerent states, and when the courts of the one are closed to the citizens of the other. As the Kingdom of Italy and the Government of the United States of America were

not at war between themselves, but were united against a common enemy, the rules of international law so appealed to have no applicatioin. Besides, no sufficient excuse is offered by any proof why the application could not have been made on time. Wood on Limitations, section 6; Buswell on Limitations, section 129.

For the foregoing reasons we must affirm the order of the commissioner and deny the petitioner the relief prayed for.

*Order of commissioner affirmed.*