DESPINA JOHN PAPADAKI v. STATE COMPENSATION COMMISSIONER

(No. 7042)

Submitted September 2, 1931. Decided September 8, 1931.

16

*W. C. Grimes,* and *England & Ritchie,* for appellant.

*Howard B. Lee,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, for respondent.

LITZ, PRESIDENT:

This is an appeal from a ruling by the State Compensation Commissioner, denying compensation to the dependents of John Papadaki, a Greek subject, who was accidentally killed December 18, 1929, in the course of his employment while working for the Wheeling Coal Company in Ohio County, on the ground that the application for compensation was not filed within six months from the date of the accident, as required by chapter 15-P, section 39, Code 1923, (23-4-15, Code 1931).

The coal company immediately reported the accident to the compensation commissioner, advising him that the decedent was a Greek, leaving a widow and three children, without disclosing her residence. Upon receipt of such notice, the commissioner promptly mailed the employer printed forms of application for compensation to be executed and filed by the widow. Receiving no information from the coal company or any other source concerning the application, the commissioner, on April 18, 1930, instructed Paul L. Neutzling (an inspector of the compensation department), by letter addressed to him at Wheeling, to ascertain the whereabouts of the widow, and, if she lived in Greece, to deliver to some friend of the deceased, who might know her address, forms of application for compensation to be forwarded to her. May 3, 1930, Neutzling advised the commissioner by letter that the widow lived in Greece, and that he had delivered to an alleged nephew of the deceased forms of application for compensation, to be mailed by the latter to the widow, Josephin Papadaki, at Skinaplo-

cadisa, No. 5 Cina Crete, Greece. The commissioner made no further effort to communicate directly or indirectly with the widow, after thus being informed of her address, or to advise any consular officer of Greece concerning the death of Papadaki within six months from the date thereof. Chapter 15, section 17, Code 1923, (23-1-14, Code 1931), requires the commissioner to "prepare and furnish free of costs, blank forms (*and provide in his rules for their distribution so that the same may be readily available*) of application" for compensation. The employer held the application blanks, which the commissioner had sent it, until the expiration of the six-months period and then forward them to the Greek consul. It seems that the statute of limitations had practically run before the widow received application forms (forwarded to her by the nephew) and that because of apparent confusion on her part occasioned by the advice of competing attorneys in Greece seeking to represent the widow, who appears to be illiterate, the application with the required proof of essential facts did not reach the commissioner until July 24, 1930, more than a month after the expiration of the six months. August 15, 1930, the commissioner wrote the widow at her address in Greece that her application for compensation had been refused because it had not been filed within six months from the death of her husband; but failed to advise her that she would have to object to his ruling within ten days from notice thereof as a step in the process of appeal from his final order. Moreover, had she been so advised, such objection could not have reached the commissioner by mail within the ten days. No formal protest to the action of the commissioner was filed in behalf of the dependants until April 3, 1931.

The commissioner contends (1) that the application was rightly rejected because it had not been filed within six months from the death of the employee, as provided by the statute; and (2) that if wrongly rejected, this court is without jurisdiction to correct the error because of the failure of the widow to object to his ruling within ten days after notice thereof, in accordance with chapter 71, section 43, Acts 1929 (23-5-1, Code 1931).

To meet this contention, the widow relies upon a treaty between the United States Government and Greece, providing:

"In the case of the death of any citizens of the United States in Greece, or of a Greek subject in the United States, without having any known heirs or testamentary executors by him appointed, the competent local authorities shall give information of the circumstances to the consular officers of the nation to which the deceased belongs in order that the necessary information may be immediately forwarded to the parties interested.

In all that relates to the administration and settlement, the consular officers of the high contracting parties shall have the same rights and privileges as those accorded in the United States of America and Greece, respectively, to the Consular Officers of the most favored nation."

The commissioner denies the application of the treaty upon the grounds (1) that the deceased left "known heirs," and (2) that there is no duty upon the "local authorities" to notify a consular officer of the death of a Greek subject dying in the United States without known heirs, unless he has left an estate here to be distributed under the law of inheritance. It would be placing a narrow and unreasonable construction on the treaty to hold that there is no obligation on the "local authorities" to act where they have information that there are heirs in Greece, with whom they do not attempt directly to communicate, an even then only in a case in which the deceased left an estate in this country. The evident purpose of the treaty was to insure prompt transmission of necessary information to the parties interested in a Greek subject dying in the United States or an American citizen dying in Greece. It is clear from the language of the treaty itself that such notice was considered necessary for the protection of the rights of foreign subjects. Compensation for her loss of support by her husband was as valuable to the claimant as an equal amount of other property passing to her by inheritance from his estate.

Under the circumstances we are of opinion that the widow is entitled by the terms and spirit of the treaty to have her claim for compensation considered on its merits.

The case is, therefore, remanded with instructions to the compensation commissioner to accept the application of the widow and fix compensation for the dependents in accordance with the statute.

*Reversed, and remanded.*