G. H. CALLOWAY *v.* STATE COMPENSATION COMMISSIONER

(No. 7489)

Submitted November 1, 1932.   Decided November 15, 1932.

*Ira J. Partlow,* and *Samuel A. Christie,* for relator.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

LIVELY, JUDGE:

Petitioner seeks to compel the state compensation commissioner to grant him a hearing for compensation for an alleged injury received by him on September 24, 1929. The commissioner, after investigation, refused a hearing because the application had not been filed within six months from the date of the injury.

Petitioner alleges that on the above date he was an employee of the Empire Coal & Coke Company in McDowell county, a subscriber to the workmen's compensation fund, as a meat cutter in one of its stores; and while conveying some meat from the refrigerator to a cutting block he stumbled and his hand was caught and injured between the meat and the block, which injury later caused paralysis, incapacitating him from any work.

No notice of the injury was communicated to the commissioner until April, 1932, when petitioner's attorney, by letter, reported it, and asked for blanks for making a claim for compensation. He was promptly answered that the claim could not be heard because application had not been made therefor within six months from the time of the alleged injury. The commissioner later wrote counsel that he made a thorough search of the files of his office and no record could be found of a report of an injury and asked for information as to how the injury occurred and stated that he would give the matter further consideration. On April 27, 1932, counsel advised the commissioner of the injury, how it occurred, in whose employ the petitioner was at the time, and its nature and extent; and asked for blanks for making a formal application. The commissioner replied that he would not forward forms for application until after the receipt of a report of

the injury and that he was at that time taking the matter up with the employer and that as soon as a report was made from the employer, forms would be forwarded. On May 4, 1932, the attorney again requested forms and was answered by the commissioner on May 12th that he made an investigation of the matter and was in doubt if the petitioner could establish an injury, and at the same time enclosed a blank application for compensation. The application was made out and sworn to by petitioner and sent to the commissioner on May 23, 1932; and on September 1st, following, the commissioner, by letter, advised petitioner that his claim was refused on the ground that it was not proven that his disability was due to an injury. Petitioner objected to the order of the commissioner within ten days and requested a hearing of his claim, and on September 14th, the commissioner advised him that as his claim had not been filed within six months from date of injury, it would be a waste of time to hold a hearing, and a hearing would be refused.

Petitioner promptly objected to the refusal of the commissioner to give him a further hearing; and alleges, upon information and belief, that the commissioner obtained from various persons ex parte affidavits or depositions relative to the claim and gave consideration to such evidence and did not give petitioner the opportunity to be present at the time of taking the affidavits and cross-examine such persons and that he was given no opportunity to furnish any additional proof in his own behalf; and avers that if he is given an opportunity he can and will produce evidence to establish his claim that he was injured while in the course of his employment and that the injury resulted in his complete paralysis. As above stated, petitioner prays for mandamus to compel a hearing.

The commissioner demurs to the petition on the ground that the petitioner did not make an application for compensation within six months after the injury was received, and that the filing of his report of the injury over two years thereafter and application for compensation was a matter within the discretion of the commissioner, and that the order refusing compensation does not show an abuse of his discretion. No answer is filed to the petition, and the matters alleged therein are taken as true.

The statute, 23-4-15, Code 1931, requires application for compensation to be filed with the commissioner within six months after the date of the injury. No notice of the injury nor application in any form was given to the commissioner until about two years and seven months after the date of the injury. To entitle the applicant to compensation, it was imperative upon him to substantially comply with the statute. *Poccardi* v. *Ott*, 83 W. Va. 166, 98 S. E. 26; *Moorefield* v. *State Compensation Commissioner*, 112 W. Va. 229, 164 S. E. 26. But by Acts 1919, chapter 131, sec. 39, the original act of 1913 was amended by adding a proviso to that section by which the commissioner is given discretion to accept an application after six months from date of injury and award compensation on that application, as if the injury had been reported and application filed within six months; where the employer fails to report an injury within six months from and after the date an injury is received. As above stated, the employer did not report the injury at any time. It claims that it knew nothing of the injury received by the applicant while working for it. However, the commissioner has exercised the discretion accorded him and has received the application, investigated the claim, and then refuses to allow it because the application was not made within the six months' period. Having waived that limitation period and exercised his discretion to receive the application and pass upon it after investigation, the claim stands upon the basis of one in which the application was filed within the statutory period, and should be treated and considered without respect to the time in which the application was filed. Had the commissioner refused to receive the application, because not filed within the statutory period, then there would have been an end of the claim by limitation, but having waived the limitation as authorized by the amended statute, the question of limitation goes out of the case. He has exercised his discretion given by statute to hear the case, and having taken jurisdiction, the claim must be heard on its merits. Upon exception to his order denying compensation on the ground that the present condition of applicant was not caused by the injury received in and from the employment, within ten days from the entry of the order, it became the statutory duty of the commissioner to set a time

for further hearing upon notice as prescribed in chapter 23, article 5, section 1; and the writ will be awarded.

*Writ awarded.*