JOE YEAGER *v.* STATE COMPENSATION COMMISSIONER, *et al.*

(No. 7492)

Submitted January 17, 1933.    Decided January 24, 1933.

H. D. *Rollins,* for appellant.

H. B. *Lee,* Attorney General and R. *Dennis Steed,* Assistant Attorney General, for respondents.

·WOODS, JUDGE:

Claimant, who failed to file a formal application for compensation within the period provided by Code 1931, 23-4-15, complains of an order, entered after a statutory hearing (23-5-1), wherein the commissioner declined to allow the said application to be filed, and refused an award.

It appears from the records that claimant suffered an injury—a hernia—in 1930; that he submitted to an operation; and that he was later discharged as able to work.    For such injury he was paid compensation for 13-1/7 weeks.    The present claim is for an alleged injury—a double inguinal hernia— received July 7, 1931, while claimant was attempting to load a piece of coal into a mine car.    This, according to claimant,

was reported to the mine foreman on the day following. Claimant saw the company doctor on the 8th; and tried to work that day as well as the next three days (loading only ten cars in four days). He was taken to a hospital on the 14th and an operation for hernia performed on the 27th. On September 8th, claimant began corresponding with the commissioner. Information was fragmentary. On the 25th of September, Dr. Martin advised the commissioner as to the date of the injury, and that the claimant had been sent to the hospital; claimant informed commissioner, by letter of October 7th, that he was injured while in the employ of the Guyan Eagle Coal Company; and by his letter of November 7th explained that this was a new injury. The commissioner made no inquiry of the coal company concerning its failure to file the required report until January 23, 1932—two weeks after the expiration of the six months' period; nor was claimant ever admonished concerning the necessity of filing a formal application, nor forwarded a blank until subsequent to such time. The number given the 1930 claim was used in all the correspondence until March 9, 1932, when a blank application was forwarded claimant.

The inspector was placed on the claim on February 9, 1932, and took evidence in regard to the alleged injury. This evidence was transmitted to the commissioner on March 3rd; on March 5th a formal report from the company, dated February 12, 1932, was received; an application blank was forwarded claimant on March 9th, executed on the 12th, and received by the commissioner on March 14th. On March 31st the following order was entered:

"This claim came on for review of evidence in the case of a hernia made up over a year after an alleged accident, in which the claimant does not know himself when the injury occurred. He did not experience any pain at the time he was supposed to have injured himself, and went on and finished the day's work and worked the next day; laid off two or three days, back to work and worked over a year.

In accordance with Chapter 23 of the Code, Article 4, section 7, this hernia does not come within the purview of the Act, there having been no claim made within six months and no report made. The commissioner will not use his prerogative in Article 4, sec-

tion 15, owing to fact that it hasn't been proven to the satisfaction of the Commissioner that there was a hernia following injury. He will not accept the application, and an award of compensation will accordingly be refused.''

From this order a hearing under Code 1931, 23-5-1, was granted, and the attorneys for both the claimant and the employer advised that the issue to be determined was whether the disability was the result of an injury received in the course of and resulting from claimant's employment. No inquiry was made in reference to the circumstances surrounding claimant's failure to submit an application within the statutory period. After the hearing, the order complained of was entered. It reads:

"September 22, 1932. This claim came on to be considered upon awards heretofore made herein and. upon a protest and Hearing, after due notice to the claimant and employer and it appearing to the Commissioner that there is error in the recital of the award entered on the 30th day of March, 1932, in this: 'This claim came on for review of evidence in the case of a hernia made up over a year after an alleged accident, in which the claimant does not know himself when the injury occurred. He did not experience any pain at the time he was supposed to have injured himself, and went on and finished the day's work and worked the next day, laid off two or three days, back to work and worked over a year,' it is therefore ordered stricken from the order heretofore entered herein and the Commissioner upon a further consideration of the awards heretofore made herein and the evidence adduced at the hearing, and the evidence showing that there was no report of injury or application for compensation filed within six months, as required by law, and the commissioner declining to exercise the discretion given him under Article 4, Section 15 of the Compensation Act, declines to allow the report of injury and application for compensation to be filed and doth refuse an award of compensation herein, affirming his former finding herein, as corrected, all of which is accordingly so ordered.''

In the case of *Calloway* v. *Commissioner*, 113 W. Va. 47, 166 S. E. 700, it appears that the commissioner, after a pre-

liminary investigation, advised claimant, by letter, that his claim was refused on the ground that his disability was not proved to be due to an injury; and upon a timely objection and request for a hearing, advised claimant that since his claim had not been filed within six months from date of injury, it would be a waste of time to hold a hearing, and a hearing would be refused. Claimant thereupon invoked mandamus to compel a hearing; this Court holding that where the commissioner has received, filed and investigated an application for compensation not filed with him within six months from the date of injury to the employee, and not reported by the employer under 23-4-15, Code 1931, he cannot refuse the applicant a full hearing on the merits because the application was not filed within the above statutory period.

As we construe Code 1931, 23-4-15, the right to file an application after the expiration of the statutory period is not dependent upon an established compensable claim. The commissioner, in determining whether he should, in the exercise of his discretion, permit an application to be filed should be influenced only by the circumstances surrounding the late proffer.

The purpose of an application is to insure an orderly and intelligent investigation. An investigation into the merits, as well as the granting of the statutory hearing, presupposes a proper application. *Calloway* v. *Commissioner, supra.* It is apparent from the preliminary investigation, the order entered thereon, and the matter in issue on the hearing, that the commissioner in the instant case had gone into but one question, the compensability of the claim; and, having done so, will not after final hearing be heard to say that he refuses to file the application and thus defeat a recovery. He has, in effect, exercised his discretion given by statute to hear the case, and having taken jurisdiction, the claim must be disposed on the merits.

Since it is apparent from the final order that the commissioner has attempted to cut off claimant's right on the theory that he has never exercised his discretion, and still declines so to do, we cannot go into the question of whether or not a case has been made on the merits. We, therefore, reverse the commissioner's action, and remand the case in

order that he may pass upon the merits of the claim, with the right to both claimant or employer to offer additional proof if they deem the same necessary.

*Reversed and remanded.*