GEORGE W. COLE *v.* STATE COMPENSATION COMMISSIONER

(No. 7597)

Submitted April 11, 1933.   Decided April 18, 1933.

580

*Ellison & Ellison,* for appellant.

*H. A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for respondent.

KENNA, JUDGE:

This appeal was granted from an order of the compensation commissioner refusing compensation to George W. Cole.

Cole was injured October 8, 1930, while working with his son in the operation of Ronda Coal Company. They were pushing a loaded car away from the face of the coal over a slight acclivity made by a buckle in the track. The son slipped, and in holding the car, the father claims that he was forced to his knees and so severely strained that he was rendered sick and dizzy. Thereafter, according to his testimony, although he continued his employment intermittently, he was unable to work and earn as before. A hernia developed.

The company reported the injury under date of August 22, 1931. On August 29, 1931, the doctor of the company filed his report and the claimant's claim came in. Formal blanks were sent out by the commissioner September 3, 1931, and in the communication transmitting them the date of the injury was recited, showing that the commissioner's action was taken with knowledge of the expiration of the six months' limitation. On September 24, 1931, an order was entered in the commissioner's office refusing compensation because of the

fact that the statutory limitation of six months had expired before the claim was filed. This ruling of the commissioner was objected to by the claimant under date of October 1, 1931. On October 29, 1931, a communication signed by the secretary of the commissioner and addressed to the claimant stated that the claim had been refused not because of the expiration of the six months' limitation, but because of the fact that the claimant had not undergone the radical operation for hernia required by the statute. On June 8, 1932, the assistant secretary of the commissioner notified the claimant that his claim was refused because he had not been able to establish that his disability was due to the injury. On June 14, 1932, the claimant objected to this finding, and a hearing was requested. On June 16, 1932, the hearing requested was declined because of the fact that the six months' limitation had expired before the filing of the claim. On July 7, 1932, an appeal was applied for and granted to the Supreme Court of Appeals. On September 27, 1932, this appeal was dismissed on motion of claimant's counsel. On November 1, 1932, the compensation commissioner awarded claimant a hearing which was held November 22, 1932, and followed by a final refusal to grant compensation, under date December 22, 1932, the commissioner simply stating that his former holdings were affirmed.

It will be seen from the foregoing statement that the compensation commissioner has taken three different positions with reference to this claim and has, from time to time, refused to allow compensation, first on one ground and then upon the other. These three positions may be stated as follows: (1) that the claim was not filed within the six months' limitation; (2) that the claimant did not submit to a radical operation for hernia; (3) that the disability was not traced to the injury.

As to the limitation of six months barring claimant, under the provisions of section 15, article 4 of Chapter 23, Code 1931, the compensation commissioner may consider a claim and award compensation on its merits even after the expiration of the six months' limitation, provided that within the six months the employer has not reported the injury. This was a case in which the commissioner could take the course indicated and consider the claim and award compensation. We

hold that under the circumstances, having taken jurisdiction to hear the claim and having considered it on its merits, the commissioner has seen fit to disregard the six months' limitation; and that, having once put himself in that position, he cannot change his mind. *Yeager* v. *Compensation Commissioner*, 167 S. E. 617.

As to the hernia and the failure of claimant to submit to a radical operation therefor, we are of the opinion that this claimant has made sufficient showing to relieve him of that necessity under the provisions of the statute. The only proof in the record as to whether he could or could not undergo a radical operation for hernia is to the effect that he could not. The commissioner cannot arbitrarily order a radical operation for hernia as a condition precedent to the right to compensation. A claimant does not have to submit to a radical operation for hernia, having shown that his physical condition is such that such operation would be unsafe. *Myers* v. *Compensation Commissioner*, 110 W. Va. 425, 158 S. E. 512.

The third reason of the commissioner for declining to pay compensation on this claim, is thrown into some confusion by the existence of the other two assigned grounds. The question of whether the disability had adequately been traced to the injury in the present state of the record should probably not be decided at this time for that reason. It cannot be said, in the face of the fact that the commissioner had previously assigned the limitation and the absence of a radical operation for hernia each as constituting ground for rejecting the claim, and had thereafter stated that the reason for its rejection was that the disability had not been traced to the injury, and still later, refused compensation affirming his former findings, that it is clear that the case was fully developed and decided on the question of whether the disability originated in the injury. Believing, therefore, that opportunity should be afforded to the commissioner to maturely consider this one question, and to both the claimant and the employer, as well as to the commissioner, to further develop the proof as it affects that question, the finding of the commissioner will be set aside and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*