CARLOS YOUNG *v.* STATE COMPENSATION COMMISSIONER

(No. 8875)

Submitted February 8, 1939.  Decided March 14, 1939.

127

*Charles P. McCabe,* for appellant.

*Clarence W. Meadows,* Attorney General, and *Marlyn E. Lugar,* Special Assistant Attorney General, for appellees.

Fox, President:

The claimant, while in the course of his employment, suffered an injury on the 18th day of June, 1927, the extent and nature of which are not involved in this appeal. The employer, Branch Coal & Coke Company, reported the injury to the Compensation Commissioner on October 25, 1937. On December 14, 1937, within six months from the date of injury, claimant went to the office of the Coal Company, and then and there made out and signed the application required under Code, 23-4-15, and left the application with an office employee of the Company, with the alleged understanding that the same was to be promptly forwarded to the Compensation Commissioner. The application was not in fact received by the Commissioner until January 24, 1938, and compensation was refused on the ground of failure to file the same within the statutory period, and claimant notified of this ruling by letter dated January 27, 1938. Later the matter was investigated, and an order was entered on March 22, 1938, adhering to the original ruling. On June 17, 1938, the claimant, through counsel, filed a petition with the Compensation Commissioner, asking for the further consideration of and an allowance of his claim, which request was refused on June 23, 1938, and from this ruling an appeal was prosecuted before the Compensation Appeal Board, which Board, on October 22, 1938, affirmed the

action of the Compensation Commissioner, and from which action of the Board an appeal was allowed by this court.

The record discloses that on December 9, 1937, the Compensation Commissioner, observing that claimant had not filed an application for compensation, forwarded to him the necessary forms for that purpose, the receipt of which is admitted. On receiving them, claimant went to the office of the Coal Company, probably more than once, with the result that the application was made out and sworn to on December 14, 1937, before Harry H. Allen, notary public, and a bookkeeper in the employ of the Company. It seems clear that the application was left with Allen with the idea that it would be forwarded to the Compensation Commissioner, but for some reason, probably unintentional neglect on the part of Allen, it was not filed until some time after the expiration of the statutory period. Allen states that he handled compensation matters for the Coal Company, and inferentially admits the probability that the claimant was depending upon him to see that his claim was properly filed, and that the matter had possibly slipped his mind temporarily.

It is the contention of the applicant that the Coal Company had established a course of dealing with its employees under which he was entitled to rely on his claim for compensation being filed in due time by the Company, and then further contends (1) that the compensation statute should be construed under equitable principles; (2) that under these principles the Coal Company should not be allowed to profit by its own wrong; (3) that the failure to file the application may be waived by the employer; (4) that the inequitable conduct of the employer estops it from asserting the statutory bar; (5) that its conduct in failing to file the application in due time amounts to fraud which tolls the so-called limitation; and (6) that its conduct obstructed the prosecution of a right, and, therefore, under Code, 55-2-17, the running of the statute is tolled.

Some of these contentions show a failure to recognize the fact that the claim of the applicant is not against the employer, but the Workmen's Compensation Fund. It is true that the allowance of compensation may affect the amount of premiums which the employer may be required to pay, but compensation is paid out of the fund, as the same is administered by the Compensation Commissioner. There is also a failure to distinguish between ordinary statutes of limitation and the limitation placed on the Compensation Commissioner by statute in the administration of the fund committed to his care. The plea of the statute of limitations in the ordinary case may be waived; in fact, unless pleaded by those entitled to do so, it is always waived. But a public official cannot waive a statute which permits him to consider only such claims as are filed within a particular period. He has no more right to do so than a personal representative would have to waive the statute of limitations which had run in favor of his decedent. We say this notwithstanding dictum in *Calloway* v. *Compensation Com'r.,* 113 W. Va. 47, 166 S. E. 700, indicating that in that case a waiver of the six months limitation could not be withdrawn. There, the commissioner was vested with discretion to consider the claim after the six months period for the reason that the employer had not reported the accident within the time required by law. The claim of the applicant is one arising under the statute, limited by its terms, and which can only be asserted in the manner provided thereby. In this connection it may be well to state that this court, in *Sudraski* v. *Compensation Com'r.,* 116 W. Va. 441, 181 S. E. 545, held "A limitation qualifying a special statutory right is generally held to be unaffected by the disabilities and excuses which allay ordinary statutes of limitation, and to be such an inherent part of the statute which creates the right, that the right itself does not survive the limitation." See also, 71 C. J. 1022, sec. 797. Furthermore, the contention that equitable principles should be followed fails to take into consideration the rule that "equity follows the law", and while there should be a

liberal construction and application of compensation statutes, the liberal construction rule has not yet been extended to permit the consideration of a claim which the statute, in effect, says shall not be considered.

What is the statute under which the applicant must make his claim?

"To entitle any employee or dependent of a deceased employee to compensation under this chapter, the application therefor must be made on a form or forms prescribed by the commissioner and filed in the office of the commissioner within six months from and after the date of injury or death, as the case may be, and all proofs of dependency in fatal cases must be filed with the commissioner within nine months from and after the date of death: * * * ." Code, 23-4-15.

As applied to this case, it will be observed that the right to compensation depends on the filing of the application "in the office of the commissioner" within six months, for the statute says, "to entitle any employee * * * to compensation", there must not only be the prescribed application but the filing thereof within the stated period.

We have found no cases decided by this court contrary to these views. *Calloway* v. *Compensation Com'r., supra,* and *Cole* v. *Compensation Com'r.,* 113 W. Va. 579, 169 S. E. 165, relate to cases wherein the employer had failed to report the accident within the statutory period, and under such conditions the Commissioner was vested with a discretion to allow the filing of the application after the end of the six months period. The case of *Sudraski* v. *Compensation Com'r., supra,* involves an incomplete and misleading report by the employer, and the court held that it should be treated as no report, and as the statute then was, the Commissioner could, in his discretion, allow the application to be filed after six months. The cases of *Papadaki* v. *Compensation Com'r.,* 111 W. Va. 15, 160 S. E. 224, and *Urbus* v. *Compensation Com'r.,* 113 W. Va. 563, 169 S. E. 164, rest on treaty provisions with

foreign countries, which being the supreme law of the land, overrode our statutory provision. We do not think they apply to the case at bar. *Culurides* v. *Compensation Com'r.*, 78 W. Va. 696, 90 S. E. 270, was a case of fatal injury, and the brother of the deceased filed, within due time, an application for compensation in behalf of the dependents; but the application was not signed by them within the statutory period. The court treated the application as properly filed, but plainly stated that "Of course, where no attempt is made to prepare and file an application within the required six months, the claim cannot be allowed. Of that no doubt can arise. The statute is imperative in that respect." From this language it may be contended that the claimant here, having attempted to file an application within the six months period, should not be denied consideration of his application, but it must be recalled that in the *Culurides* case an application signed by the brother, giving all information necessary to a consideration of the claim, had been actually filed within the statutory period, the only defect being the lack of signature of the beneficiaries of the claim. Light is thrown on the *Culurides* case by *Poccardi* v. *Ott*, 83 W. Va. 166, 98 S. E. 69, in which it was held that an application for compensation must be filed within six months, in the office of the Compensation Commissioner, and that the use of the mails, the date of mailing or posting, the risk of delay in delivery, even where war is being waged, cannot be used to suspend the operation of the statute. In *Moorefield* v. *Compensation Com'r.*, 112 W. Va. 229, 164 S. E. 26. we held that the application must be filed with the Compensation Commissioner before the expiration of six months from date of injury, except as provided in Code, 23-4-15, the section under consideration here, and clearly stated the reasons for that decision.

We think it a sound proposition, supported by the authorities, that the employment of an agent, or the use of any agency, to bring about a particular result, is made at the risk of the principal; and if the agent fails in his duty, or the selected agency fails to function, the conse-

quences thereof must fall on the principal. Therefore, when the claimant relied on Allen to forward his application to the Compensation Commissioner, it may reasonably be contended that he made Allen his agent for that purpose, and cannot rely now on his agent's failure to perform the task assigned to him.

We have been unable to find either statute or court decision placing upon the employer the duty of filing an application for compensation on the part of the employee. In the very nature of the case this could not be so, for the application requires the signature and the oath or affirmation of the employee, or in a case involving dependents, one of them. The claimant must actively participate to the extent not only of seeing that his application is made out, signed and sworn to, but also filed in the office of the Commissioner within the statutory period. While Code, 23-1-14 requires the Compensation Commissioner to prepare and distribute forms of application for benefits under the act; and also provides that " * * * it shall be the duty of employers to constantly keep on hand a sufficient supply of such blanks", this requirement cannot be held to constitute the employer as agent of the Compensation Commissioner, or furnish an excuse for the failure of the employee to file his application in due time. In this case, however, the claimant had his application form, forwarded to him by the Compensation Commissioner, and, therefore, failure to keep on hand the necessary blanks, if there was such failure, would not be important. But if the omission to file the application was the result of failure on the part of the employer to keep on hand a supply of blanks, that would not excuse such omission, because blanks could always be obtained elsewhere. We shrink from the idea of making the Compensation Commissioner responsible for acts of commission or omission, on the part of persons over whom he has no control. To hold that the filing of an application with the employer constitutes, under any circumstances, a filing in the office of the Commissioner, is to fly in the face of the statute (Code, 23-4-15) and would lead to

utter confusion in the handling of compensation cases. In this case, the claimant, instead of mailing his application as he could have done, chose to rely upon the bookkeeper of his employer ·to do so. The application was not filed with the Compensation Commissioner for more than a month after the expiration of the six months period. We can only follow the law, and, as we interpret it, the rulings of the Compensation Commissioner and the Compensation Appeal Board must be affirmed.

*Affirmed.*

KENNA, JUDGE, dissenting:

Claimant was injured June 18, 1937.

The employer's report was filed with the Commissioner October 25, 1937.

On December 9, 1937, the Commissioner wrote to the claimant, enclosing a blank form of application and informing him that his application for compensation must be filed within six months from the date of his injury.

Note the delay on the part of the employer.

On December 14, 1937, the claimant filled out the blank form of application, made the required affidavit before H. H. Allen, bookkeeper of the company, and left it in the company's office to be forwarded to the Compensation Commissioner. This is the same manner in which a large number of the reports and applications are remitted to the Commissioner's office, and the Commissioner is required to keep the employer supplied with blank application forms to be furnished by the employer to employees who have been injured. To this extent at least, the employer has been made the agent of the Commissioner in accordance with the provisions of Code, 23-1-14.

Due to it being overlooked on account of the illness and absence of the employer's bookkeeper, the application did not reach the Commissioner until January 18, 1938, the six months period having then expired.

The majority of the Court are of the opinion that the statutory requirement of filing an application within six

months in the office of the Commissioner relates to the Commissioner's office at the seat of government, and that the receipt of an application within six months in that office, subject only to the exception contained in Code, 23-4-15, constitutes a condition precedent to the consideration of the claim upon its merits by the Commissioner. To my mind this is a rigid construction of a remedial and humanitarian statute, basically inconsistent with the authorized holding out of the employer as the agent of the Commissioner as provided in Code, 23-1-14, and also with the provisions of Code, 23-1-5, which, while it provides that the Commissioner shall maintain his office at the seat of government, also provides that hearings may be held by the Commissioner (including his investigators, which follows as a matter of course) anywhere within the state.

The compensation statute is not to be strictly construed, but is to be read in conformity to the legislative declaration and the Commissioner may adopt his own rules of practice and procedure. Code, 23-1-15; *Culurides* v. *Ott*, 78 W. Va. 696, 701, 90 S. E. 270; *Machala* v. *State Compensation Commissioner*, 109 W. Va. 413, 416, 155 S. E. 169.

In the case of *France* v. *Appeal Board*, 117 W. Va. 612, 186 S. E. 601, this Court held that due to the attitude of the Workmen's Compensation Commissioner a formal written application for compensation made April 7, 1934, related back to the time of an oral report and application in November, 1932, and that the Commissioner was estopped to treat the application as having been filed in April, 1934. In the light of this holding, to my mind, it is not consistent to now adhere to the rigidity usually indulged in when construing a statute creating a right of recovery, for example, death by wrongful act. It is true, the *France* case was one in which the employer had failed to report the injury. As I read the opinion, however, it is not based upon the absence of this report and considers only the conduct of the Commissioner as having constituted an estoppel. To treat the filing of an ap-

plication in the Commissioner's Charleston Office by the claimant within six months as a condition precedent, to follow that by holding that the rule arises only when the employer reports the injury within six months, would lead to the establishment of an intricate procedure which, I believe, is diametrically opposed to what the judicial attitude toward workmen's compensation statutes should be. I regard it as unnecessary to cite cases to sustain this fundamental general principle. Many of them can be quickly located by referring to the foot notes in 28 R. C. L., page 825, paragraph 113.

It was no more than a natural assumption for the claimant to suppose that the person from whom he received the blank form of application (Commissioner) was represented by the person required by law to have the blanks on hand for distribution (employer), and that the executed application would very properly flow back to the Commissioner's office through the same channel required by statute to keep on hand the application form furnished by the Commissioner's office. I do not think that under a statute which is to be liberally construed, the Compensation Commissioner is warranted in holding out the employer as his agent for the purpose of distributing blank forms, transmitting payment of compensation and other duties, and then repudiating his agency for the purpose of accepting written applications, while it is a matter of common knowledge that a large percentage of these applications is transmitted to the commissioner by and through the employer. I think to hold otherwise is to enable a class of employers which, I am glad to say, is extremely rare, but yet to be guarded against, to lure the employee into a position of losing compensation which should be awarded him, and in that way exempting themselves from paying a premium that they should be required to pay. It is my belief that if the circumstances of this case were such that the employer should be charged with misleading or duping the employee, the majority of the Court might then be apprehensive of

the same circumstances which I fear the Court's opinion is likely to develop.

I would reverse the holding of the Compensation Appeal Board and of the Commissioner, and remand the case to the Commissioner with directions to consider the claimant's application upon its merits.

Submitted February 8, 1939. Decided March 14, 1939.

*Charles P. McCabe,* for appellant.

*Clarence W. Meadows,* Attorney General, and *Marlyn E. Lugar,* Special Assistant Attorney General, for appellees.

