Elmer E. Turner *v.* State Compensation Commissioner
*et al.*

(No. 9239)

Submitted October 14, 1941. Decided November 18, 1941.

*Lee, Blessing & Steed,* for appellant.

Riley, Judge:

Elmer E. Turner, who had been paid compensation on the basis of a 20% permanent partial disability rating, prosecutes this appeal from an order of the Compensa-

tion Appeal Board affirming the action of the State Compensation Commissioner in which a reopening of his claim, under Section 1 (b), Article 5, Chapter 137, Acts 1939 Legislature, was refused on the ground that a proper showing had not been made.

The claimant, a carpenter by trade, on July 31, 1939, was severely injured by a fall, while working within the course of and as a result of his employment. It is his contention, as well as the opinion of a number of physicians, that he will never be able to again ply his trade; that he had a 100% disability.

Claimant was paid on a temporary total basis for fifty weeks. Shortly after the last payment, the Commissioner, on July 25, 1940, made an award of 18% permanent partial disability. Claimant, upon notification, voiced his dissatisfaction, stating, in substance, in a letter of July 29th, that he did not find it possible to accept the award, for the reason he was unable to continue in his line of work and was too old to seek other employment. Thereupon he was advised that he was entitled to a hearing, and that he would be informed later as to the date and place. On July 31st, claimant again wrote the Commissioner, enclosing card filled out by a physician for payment of his claim. In this letter he asked if by accepting checks under the award he would automatically accept the 18% disability rating, and, after again stating his reason for not accepting same, requested a prompt reply "as I will not accept the checks if it affects the award in any way." In his reply of August 1st, the Commissioner advised claimant that he (Commissioner) did not believe that claimant could accept checks without accepting the finding of 18%, and suggested that "you may accept payments under this award, and at any time within one year from the date of your last payment of compensation, apply to the Commissioner for a further consideration of your claim, and if a proper showing is made, your claim will be reopened, and a further award of compensation made." Claimant acknowledged receipt of Commissioner's letter of July 31st, stating that he had not consulted coun-

sel, and asking if he should secure same. And, later (August 6th), claimant acknowledged receipt of letter of August 1st, and advised the Commissioner that he would accept payments under the 18% award and also that he would make application for the reopening of his case at the time of his last payment. This last-mentioned letter was duly acknowledged, the Commissioner stating therein that the objection to the award had been withdrawn, and hearing had that day been cancelled.

After payment of award (December 15, 1940), claimant did seek a reopening. After considerable activity on his part by way of getting certificates from various physicians, and after several refusals to reopen on the ground that he had not made a proper showing of a progression or aggravation in his condition, or show facts not considered by the Commissioner in his former findings, the Commissioner did call claimant to Charleston for a check by local physicians, and on March 15, 1941, set the percentage at 20% permanent partial (an increase of 2%), and so notified the employer. The record shows claimant waived right to protest Commissioner's action. The additional award seems to have been paid on March 21, 1941. On March 24th, claimant filed additional medical reports, one dated March 20th and one, March 24th. The Commissioner, on April 7, 1941, advised claimant that a proper showing had not been made under the provisions of Section 1-b, Article 5, for a reopening, stating also that he had thirty days within which to take an appeal to the Appeal Board. An appeal was taken, which resulted in the entry of the order now before this Court.

The Court is particularly concerned with the effect of the Commissioner's letter of August 1, 1940, in view of the claimant's subsequent course of action. Was claimant thereby deprived of a substantial right? And, to his prejudice?

Claimant, because of his impecunious circumstances, had requested the Commissioner's advice concerning the effect of receiving payments under the award, which he claimed was wholly insufficient, in view of his then condition. The Commissioner, in his answer, informed

claimant of his right to reopen for further adjustment, upon proper showing, after receipt of last payment on the initial award, but failed to point out the function of the hearing, to which claimant was entitled, and which right, if not properly guarded, he was likely to, and thereafter did, give up.

On a hearing, where award is objected to on the ground of insufficiency, claimant is accorded the opportunity of showing that the same does not truly reflect the percentage of his existing disability to the end that a proper finding may be had. If upon this further development, which is *inter partes,* the Commissioner is not disposed to change his former ruling, the claim may be heard upon appeal before the Appeal Board, which may affirm, reverse for further development, or change the percentage found by the commissioner. However, on a request for a reopening for further adjustment, under Chapter 137, Article 5, Section 1-b, Acts 1939 Legislature, the claimant has no right to question the percentage or award, but must show a progression or aggravation of his injuries, or some other fact or facts which were not theretofore considered by the commissioner in his former finding and which would entitle him to greater benefits than he had already received.

The letter in question, although not intentionally so designed, was, to say the least, misleading. It seems to us that, in view of the circumstances, it should have directed claimant's attention to the effect of a cancellation of the hearing, that by such action he would be foreclosed by the 18% award, in so far as his then condition was concerned. And, further, that in order to reopen for further adjustment that he must show a proper case upon the basis of his condition as shown by the record, and upon which the 18% rating was based.

Time and time again this Court has held that the Commissioner may pursue such a course of conduct that he is estopped to apply strictly the provisions of the workmen's compensation statute. In *Robinson* v. *State Compensation Com'r.,* 122 W. Va. 530, 11 S. E. 2d 111, it was held that an oral request made within the statutory period

(Code, 23-4-16, as amended and reenacted by Sec. 16, Art. IV, Chap. 78, West Virginia Acts of the Legislature, 1935), was sufficient where the Commissioner acted upon said request. In *Wilkins* v. *State Compensation Com'r.,* 120 W. Va. 424, 198 S. E. 869, it was held that a letter from a claimant's counsel requesting that the claim be kept open and that the letter be treated as a formal application was sufficient where the Commissioner replied that he noted that "this letter is to be considered as a petition for reopening and additional consideration of the claim, and that you will file additional instruments in support thereof within a reasonable time." In general, see also, *Cole* v. *State Compensation Com'r.,* 113 W. Va. 579, 169 S. E. 165; *Calloway* v. *State Compensation Com'r.,* 113 W. Va. 47, 166 S. E. 700; and *Papadaki* v. *State Compensation Com'r.,* 111 W. Va. 15, 160 S. E. 224.

The reopening of the case and the additional award of two per cent do not affect claimant's right to a hearing on the sufficiency of the original award. When he accepted the 18% award and the hearing was cancelled, he thereby waived a substantial right. Article 5, Section 1, Chapter 137, Acts 1939 Legislature. It then became necessary, under Code, 23-4-16, as amended and reenacted by Chapter 137, Acts 1939 Legislature, for claimant to file a petition for a further adjustment, within the year following the last payment of the award, to keep the limitation in the last-mentioned section from attaching. This section, according to the authorities, was designed to limit the commissioner's jurisdiction with respect to the time in which applications for a reopening of a case and the granting of further compensation could be made. *Wilkins* v. *State Compensation Com'r.,* 120 W. Va. 424, 428, 198 S. E. 869. See also, *Madden* v. *State Compensation Com'r.,* 113 W. Va. 576, 169 S. E. 170; *Cook* v. *State Compensation Com'r.,* 113 W. Va. 370, 168 S. E. 369; *Reed* v. *State Compensation Com'r.,* 112 W. Va. 524, 526, 166 S. E. 282. Such being the case, the additional award, if justified, must necessarily have been based upon a showing of progression or aggravation in the claimant's condition or some other fact or facts not theretofore considered by the com-

missioner in his former findings, and which would entitle such claimant to greater benefits than he had already received. *Burgess* v. *State Compensation Com'r.*, 121 W. Va. 571, 574, 5 S. E. (2d) 804. Upon the reopening for further adjustment, the commissioner had no power to inquire into the sufficiency of the 18% award.

So, we come to the conclusion that the acceptance of the payments by claimant in the instant case should not preclude him from making a showing that the aggregate of the two awards was in itself insufficient. And, to that end, the finding of the Appeal Board must be reversed and the case remanded to the Commissioner for a hearing on the question whether the 18% partial permanent disability, coupled with the additional 2% increase, truly reflected claimant's percentage of disability at the time determined.

We cannot and do not on this hearing determine whether the showing made by claimant in support of his application for reopening on the ground of progression or aggravation of his injuries, is sufficient.

The order of the Appeal Board is reversed, and the case remanded to be dealt with in accordance with the principles herein enunciated.

*Reversed and remanded with directions.*

Fox, Judge, dissenting:

The majority opinion, not passing upon the question of the right of the claimant to have his case reopened on the grounds of progression or aggravation of his injury, this dissent is made without prejudice to the claimant's right in that regard.

I dissent from the opinion of the majority wherein it is held, in effect, that the claimant was misled by certain correspondence between him and the Compensation Department. The point of my dissent cannot be made plain without copying into this opinion the correspondence in question.

On July 25, 1940, the Compensation Department notified the claimant that he had been awarded certain com-

pensation, based on an eighteen per cent permanent partial disability. On July 29th, the claimant notified the Department that:

"I do not find it possible to accept the award mentioned in your letter for the reason that I am unable to continue in my line of work and I am too old to seek other employment; and feel that my injury is more than 18% permanent partial disability."

In answer to this letter, on July 31st, the secretary of the Department wrote the claimant, from which it appears that he treated the claimant's letter as a protest against the award of eighteen per cent permanent partial disability, and notified him that:

"Under the law, you are entitled to a hearing and the same shall be held at a time and place to be later fixed, of which all interested persons shall have due notice."

On the same day, the claimant addressed a letter to the State Compensation Commissioner, which is copied in full:

"Enclosed you will find card filled out by Dr. J. W. Rife for payment on my claim.

Kindly advise by return mail, if by accepting these checks do I automatically accept the 18% disability.

As stated in my letter of July 29th, I am unable to accept the 18% permanent partial disability award on account of my age, and the inability to continue in my line of work with my injury as it is.

Would appreciate a prompt reply as I will not accept the checks if it affects the award in any way.

Thanking you for your prompt attention in the matter, I am

Very respectfully."

In reply to this letter, on August 1, 1940, the secretary of the Department wrote the claimant as follows:

"We have your letter of July 31, 1940, inquiring as to whether you may accept checks under

the 18% permanent partial disability award, without accepting the 18% disability.

We do not believe that you can, however, you may accept payments under this award, and at any time within one year from the date of your last payment of compensation, apply to the Commissioner for a further consideration of your claim, and if a proper showing is made, your claim will be reopened, and a further award of compensation made.

On yesterday, we granted you a hearing, pursuant to your protest of July 29, 1940, to the Commissioner's order of July 25th, granting you an 18% permanent partial disability. If, with information contained in this letter, you desire to accept payments under the 18% award, with the understanding that you may apply later for an adjustment of your claim, the hearing will be cancelled. Otherwise, it will be set in Wayne or Huntington, sometime during the month of September."

On August 2nd, probably before the receipt of the August 1st letter, the claimant wrote the Compensation Commissioner:

"I am just in receipt of your letter of July 31st.

I have never secured a counsel as I have always felt that a satisfactory settlement could be worked out without the aid of an attorney. If you feel that I need an attorney kindly advise me and I can employ one at anytime.

Thanking you for your prompt. attention, in the matter; and trusting to have an early settlement of same, I am

Yours very respectfully,"

On August 6, 1940, claimant wrote to the secretary of the Compensation Department as follows:

"I am just in receipt of your letter of August 1.

This is to advise that I will accept payments under the 18% disability and also that I will make application for the reopening of my case at the date of my last payment of compensation.

Thanking you for all your courtesies in this matter, and with kindest regards, I am

Very respectfully,"

On August 7th, the Department wrote the claimant that the hearing indicated above had been cancelled.

Later on, claimant did make application to have his claim reopened, the same was reopened and a hearing held, resulting in an increase of the permanent partial disability from eighteen per cent to twenty per cent, and he was paid compensation accordingly. Very soon after this payment was made, an application was made for a further reopening of the claim, which was denied, and from this denial the claim comes to us in regular course.

The finding of the court is based upon the theory that the correspondence quoted above misled claimant to his prejudice. I do not so interpret it. To my mind, it clearly advised the claimant of his rights. With all deference to the majority, I think the claimant is the best judge of whether or not he was deceived thereby; and neither he, nor the able counsel who represent him in this Court, make any claim whatever that they were so deceived, but base their claim entirely upon the failure of the Compensation Commissioner and the Appeal Board to grant him the compensation to which, under the showing made, they say he is entitled. I do not believe that it is necessary, in order to provide for a reopening of this case, that this Court should find that the claimant was deceived about a matter, when the claimant himself had no knowledge of any such deception, and when, to so hold, would operate to cast reflection upon a public official who, in my opinion, was endeavoring to be fair to the claimant, and who, in fact, correctly advised him of the consequences of any action he might take, and of his rights with respect to future adjustment of his claim.