# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SCOTTY SMITH,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0954** (BOR Appeal No. 2051321)
(Claim No. 2016007639)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Scotty Smith, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patriot Coal Corporation, by Henry C. Bowen, its attorney, filed a timely response.

The issue on appeal is whether the application for benefits was timely filed. This appeal originated from the September 28, 2015, claims administrator's decision rejecting the claim. In its April 20, 2016, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated August 31, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Scotty Smith, an employee for Patriot Coal Corporation, alleges that he was injured on March 11, 2015, when he and a co-worker were attempting to lift a structure. His co-worker dropped the structure, causing it to strike Mr. Smith's right ear and lower right side. An Incident Investigation Report from Patriot Coal Corporation was completed. However, Mr. Smith did not seek medical treatment until September 12, 2015, at St. Mary's Hospital. Medical records from Boone Memorial Hospital dated September 13, 2015, indicate that Mr. Smith had CT scans of his abdomen and chest. The abdomen CT scan was a negative study. The chest CT scan revealed

1

no evidence for an acute process and stable right major fissural nodules were noted as probably being benign. Mr. Smith was diagnosed with musculoskeletal chest pain, chest wall strain, and acute myofascial strain. Mr. Smith completed a Report of Occupational Injury on the same day and alleged an injury to his right ear and right lower side occurred on March 11, 2015.

On September 15, 2015, Mr. Smith presented to Richard Knapp, M.D., with complaints of injuring his right ribs. Dr. Knapp noted that Mr. Smith was first injured on March 11, 2015, but that he re-injured himself on September 11, 2015, while doing some overhead lifting at work. Dr. Knapp assessed an injury of ribs with other specified sites of sprains and strains.

On September 28, 2015, the claims administrator rejected the claim, stating that Mr. Smith's claim was denied due to expiration of the statute of limitations. The Office of Judges affirmed the claims administrator's decision on April 20, 2016. West Virginia Code §23-4-15(a) states that to entitle a claimant to compensation, the application must be filed within six months from and after the injury and that unless filed within the six month period, the right to compensation is forever barred. The Office of Judges noted that Mr. Smith argues that Patriot Coal Corporation never filed a first report of injury, which violated section twenty-three of the West Virginia Code.

However, it is incumbent on a claimant to file his or her claim for benefits. Per *Young v. State Compensation Comm'r*, 121 W. Va. 126, 3 S.E.2d 517 (1939), this Court held:

…that the filing of an application with the employer constitutes, under any circumstances, a filing in the office of the commissioner, is to fly in the face of this section, and would lead to utter confusion in the handling of compensation cases.

…

Thus, where claimant, instead of mailing his application as he could have done, chose to rely upon the bookkeeper of his employer to do so, and the application was not filed with the commissioner for more than a month after the expiration of the statutory period, claimant was barred from recovering compensation.

The Office of Judges concluded that the preponderance of the evidence supported finding that the claim was untimely filed. Mr. Smith's injury was listed as March 11, 2015, on his Report of Occupational Injury, yet he did not file the application until September 13, 2015. The Office of Judges held that the claim for benefits was jurisdictionally barred. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 31, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Smith listed his date of occupational injury as March 11, 2015. The application was filed on September 13, 2015, more than six months after the date of injury, and

Mr. Smith has not submitted evidence that the statute of limitations was tolled for any reason. The claim is untimely filed and thus Mr. Smith is barred from receiving compensation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker