HAMAN FRANCE *v.* WORKMEN'S COMPENSATION APPEAL
BOARD *et al.*

(No. 8413)

Submitted May 14, 1936. Decided June 16, 1936.

*J. Howard Hundley,* for appellant.

*J. M. B. Lewis, Jr.,* for Lamar Colliery Co.

MAXWELL, JUDGE:

This appeal was granted claimant from an order of
the Compensation Appeal Board, affirming the action of
the commissioner of November 29, 1935, in refusing to
permit France to file his written application for com-
pensation.

Petitioner claims total and permanent disability as the
result of an injury alleged to have been received by him

June 2, 1932, while he was working for the Lamar Colliery Company. The employer made no report of the alleged injury nor did claimant file with the commissioner a written application of his claim within six months, as prescribed by statute. Code 1931, 23-4-15. Claimant asserts that on November 15, 1932, he visited the office of the commissioner and verbally reported his injury and requested compensation. On the latter date, and also on November 25th, and still within the statutory limitation period of six months, the commissioner wrote the employer advising it of the inquiry of claimant and requested the employer to investigate the matter and inform the commissioner. The employer made no reply to either communication.

On April 7, 1934, claimant filed a formal, verified petition with the commissioner for permission to present his claim and asked for an award of compensation, which permission and award were refused June 6, 1934. No objection to that action was made by claimant, nor did he attempt anything further until October 25, 1935, when he filed a second petition. He prayed that he be permitted to file his claim on a blank to be furnished him; that his application be regarded as having been filed November 15, 1932; and that award of compensation be made.

The commissioner, under date of November 29, 1935, affirmed his former finding. It is from the order of the Appeal Board sustaining the action of the commissioner that this appeal was allowed.

For the employer, it is contended that claimant did not file his claim in the manner and within the limitation period prescribed by statute, Code 1931, 23-4-15, and that the commissioner did not abuse his discretionary powers in refusing to permit the application to be filed after the expiration of the six months' period. Further, that the matter was completely adjudicated on June 6, 1934, and no timely objection made by claimant nor appellate relief sought.

Claimant takes the position that his application must be deemed to have been made November 15, 1932—within the limitation period.

Our compensation statute provides: "To entitle any employee * * * to compensation under this chapter, the application therefor must be made on a form or forms prescribed by the commissioner and filed in the office of the commissioner within six months from and after the date of injury." Code 1931, 23-4-15. Jurisdictions having passed on a similar provision, adhere to the rule that where the statute requires the filing of an application on a form prescribed by the commissioner, anything of less dignity would have no force or effect in the prosecution of a claim for compensation. *Murphy* v. *Burlington Overall Co.*, 225 Mo. App. 866, 34 S. W. (2d) 1035; *McEneny* v. *S. S. Kresge Co.*, 333 Mo. 817, 62 S. W. (2d) 1067; 71 Corpus Juris, p. 1008. We approve this principle in its general application.

Under Code, 23-4-15, the commissioner has discretionary power to receive an application subsequent to the expiration of the period of six months if the employer fails to report the injury.

It does not appear that, either before or subsequent to the six months' expiration date, the commissioner or employer tendered to claimant a form upon which to make application. The employer had knowledge of the alleged injury well within the period provided for reporting the same. Yet, he not only failed voluntarily to make report thereof, but refused to comply with the commissioner's repeated request to give him information with respect thereto. However, upon the coming in of claimant's written application, the employer did request the commissioner to send an inspector for the purpose of making an investigation. The commissioner declined to comply therewith for the stated reason that if an investigation were made, the claim would have to be heard on its merits. This was on the principle applied in *Yeager* v. *Commissioner*, 113 W. Va. 257, 167 S. E. 617; *Calloway* v. *State Compensation Commissioner*, 113 W. Va. 47, 166 S. E. 700; *Cole* v. *State Compensation Commissioner*, 113 W. Va. 579, 169 S. E. 165.

Code 1931, 23-1-14 provides that the "commissioner

shall prepare and furnish free of cost blank forms (and provide in his rules for their distribution so that the same may be readily available) of applications for benefits for compensation from the workmen's compensation fund."

We are of opinion that the conduct of the commissioner immediately following the visit of claimant to the commissioner's office and his subsequent communications addressed to the employer are of such character as amount to estoppel on the part of the commissioner to deny that consideration was given the claim. His manner of dealing with the matter was clearly such as to warrant the claimant in assuming that the claim had been properly filed as of the date of claimant's appearance in the commissioner's office.

Therefore, in the absence of any showing on the part of the commissioner that no application was made at his office, but on the contrary, there appearing affirmative acts and conduct indicative of such procedure as would ordinarily follow if the application had been properly made, we hold that the commissioner is estopped to deny that the application of April 7, 1934, related back to November, 1932, and therefore deemed to have been filed within the statutory period.

The finding of the Appeal Board is reversed and the case remanded to the commissioner for determination in accordance with this opinion.

*Reversed; remanded.*