# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kenneth Baker,**
**Claimant Below, Petitioner,**

**vs) No. 17-0749**      (BOR Appeal No. 2051860)
                        (Claim No. 2017001557)

**Centre Foundry Machine Company,**
**Employer Below, Respondent.**

**FILED**

**May 17, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, Kenneth Baker, by counsel, M. Jane Glauser, appeals the decision of the West Virginia Workers' Compensation Board of Review ("the Board"). Centre Foundry Machine Company ("the employer"), by counsel, Sean Harter, filed a timely reply.

Mr. Baker suffered a back injury at work in April 2014. A West Virginia workers' compensation statute requires that an employee's application for workers' compensation benefits be filed within six months of the date the employee was injured.[1] Mr. Baker did not file an application for workers' compensation benefits or seek medical attention until 2016.

The claims administrator determined that Mr. Baker's application for workers' compensation benefits was untimely filed and that he should have immediately sought medical attention after his injury. The claims administrator issued the following four orders: (1) an order dated June 29, 2016, rejecting Mr. Baker's claim for workers' compensation benefits; (2) a second order dated June 29, 2016, denying Mr. Baker's request to reopen his claim; (3) an order dated July 12, 2016, denying authorization for a referral to a neurosurgeon; and (4) an order dated August 1, 2016, denying authorization for aqua therapy. Mr. Baker appealed all four of the claims administrator's orders to the Workers' Compensation Office of Judges. On February 14, 2017, the Office of Judges issued an order affirming the claims administrator on all four orders. On Mr. Baker's appeal from the Office of Judges order, the Board affirmed the Office of Judges in a July 28, 2017, order.

The Court has considered the parties' briefs, oral arguments, and the record on appeal. Upon consideration of the standard of review, the briefs, the oral arguments, and the record on appeal, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] *See* W.Va. Code § 23-4-15(a) [2010]. We discuss this statute in greater detail in the analysis section of this decision.

1

Mr. Baker worked as a melter in the employer's iron works facility (meaning that his job was to add alloys and scrap metal into a furnace to make iron). On the morning of April 10, 2014, he needed to hook a seventy-pound magnet onto a crane to assist him in his job duties. When he picked the magnet off the floor, he pulled a muscle in his back and experienced pain radiating from his lower back down into his right hip. He immediately told his supervisor about the injury. However, Mr. Baker did not leave work or seek medical attention. He took pain medication kept by the employer, finished out his work-day (which was a Friday), and rested over the weekend. He returned to work the following Monday, by which time he claimed that his lower back "seemed like it was fine." He claims that he eventually "forgot" about the injury.

On April 10, 2014, the same day Mr. Baker was injured, his supervisor reported the injury in writing to the employer. A West Virginia workers' compensation statute requires employers to report to the Insurance Commissioner "every injury sustained by any person in his or her employ."[2] The plain language of the statute contains no distinction based on whether the employee intends to file an application for workers' compensation benefits. Accordingly, the employer electronically submitted an "Employer's Report of Injury" to its then-current insurance carrier, Berkshire Hathaway, on April 14, 2014. The employer's report contains basic information regarding Mr. Baker's injury, such as the date, time, and place of the injury, as well as the body part and type of injury. However, the employer's report does not contain information regarding how the injury occurred, a physician's report, or an indication as to whether the employee intends to file a claim for workers' compensation benefits. An intake form prepared by Berkshire Hathaway confirms its receipt of the employer's report of injury on the same day it was submitted. Berkshire Hathaway did not attempt to contact Mr. Baker upon its receipt of the employer's report of injury.

Mr. Baker had six months – from the April 10, 2014, date he was injured until October 10, 2014 – to file an employee's application for workers' compensation benefits. He did not file an application for benefits during those six months, he did not request that the employer file an application on his behalf, and he does not claim that the employer told him that it would file a claim on his behalf. Mr. Baker continued to work the same job, and he claims that his back pain "sort of healed up" and that he eventually "forgot" about the April 2014 injury.

However, in November 2015, his back pain started to worsen. In January 2016, he sought medical treatment for his lower back for the first time since his April 2014 injury. On March 8, 2016, Mr. Baker suffered a second back injury at work while shoveling carbon into a furnace. This time, he requested that his employer file an application for workers' compensation benefits with its new insurance carrier, BrickStreet. A claims administrator for BrickStreet told the employer that it would not handle Mr. Baker's claim because, in its view, Berkshire Hathaway was responsible for compensating him as it was the insurer when Mr. Baker suffered his April 2014 injury.

Accordingly, Mr. Baker requested that his employer contact Berkshire Hathaway and request that they reopen his claim for workers' compensation benefits. In addition, in March

---

[2] *See* W.Va. Code § 23-4-1b [2005].

2016, he filed his employee's application for workers' compensation benefits for his April 2014 injury with Berkshire Hathaway. He also requested authorization from Berkshire Hathaway for a referral to a neurosurgeon and for aqua therapy.

A claims administrator for Berkshire Hathaway denied Mr. Baker's requests. It determined that Mr. Baker failed to timely file an application for workers' compensation benefits, and he failed to immediately seek medical attention for his injury. On those grounds, the claims administrator issued the following four orders: (1) an order dated June 29, 2016, rejecting Mr. Baker's claim for workers' compensation benefits; (2) a second order dated June 29, 2016, denying Mr. Baker's request to reopen his claim; (3) an order dated July 12, 2016, denying authorization for a referral to a neurosurgeon; and (4) an order dated August 1, 2016, denying authorization for aqua therapy.

Mr. Baker appealed all four of the claims administrator's orders to the Office of Judges. On February 14, 2017, the Office of Judges issued an order affirming the claims administrator on all four orders. On Mr. Baker's appeal from the Office of Judges order, the Board affirmed the Office of Judges in a July 28, 2017, order.[3] Mr. Baker appeals the Board's July 28, 2017, order.

Our standard for reviewing an order by the Board is codified in West Virginia Code § 23-5-15(c) [2005], which provides, in pertinent part:

> If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record.

Mr. Baker raises the following two arguments as to why the Board erred in holding that his application for workers' compensation benefits was properly rejected: (1) his application should have been treated as timely, even though it was filed more than six months after his April 2014 injury; and (2) he should not have been required to immediately seek medical attention following his injury.[4]

---

[3] Even though the Board affirmed the result reached by the Office of Judges and the claims administrator, it declined to adopt the discussion and conclusion regarding the timeliness of filing the claim application contained in the Office of Judges order.

[4] Mr. Baker and the employer also argue as to whether the need for the medical treatment he seeks was attributable to the April 2014 injury, as opposed to a pre-existing condition or the subsequent March 2016 injury. We decline to address this argument because it was not a ground for any of the claims administrator's orders from which Mr. Baker now appeals. In addition, this

3

First, Mr. Baker argues that his application for workers' compensation benefits should not have been rejected as untimely filed. The time limitation for filing an employee's application for workers' compensation benefits is codified in West Virginia Code § 23-4-15(a) as follows:

> (a) To entitle any employee . . . to compensation under this chapter, other than for occupational pneumoconiosis or other occupational disease, the application for compensation shall be made on the form or forms prescribed by the Insurance Commissioner, and filed with the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, *within six months from and after the injury . . . and unless filed within the six months period, the right to compensation under this chapter is forever barred, such time limitation being hereby declared to be a condition of the right and hence jurisdictional*[.]

(Emphasis added). As to this time limitation, we have held: "the six-month time limitation in West Virginia Code § 23-4-15(a) is jurisdictional and a condition of the right to compensation under the Workers' Compensation Act." *Sheena H. ex rel. Russell H. v. Amfire, LLC.*, 235 W.Va. 132, 138, 772 S.E.2d 317, 323 (2015). Indeed: "the language of the Workers' Compensation Act evidences an intent to limit a claimant's ability to file for benefits . . . subject to strict time limitations. Such language is necessary to bar frivolous or outdated claims." *Id.*, 235 W.Va. at 138 n.4, 772 S.E.2d at 323 n.4.

Mr. Baker suffered an injury at work on April 10, 2014. He had six months from the date of his injury to file an employee's application for workers' compensation benefits. Mr. Baker did not file an application for workers' compensation benefits until 2016. Therefore, under West Virginia Code § 23-4-15(a), his right to be compensated under the Workers' Compensation Act for his April 2014 injury is forever barred.

Nevertheless, Mr. Baker argues that the employer and the claims administrator were put on notice of his injury within six months of April 10, 2014 (as evidenced by the supervisor's report to the employer and the employer's report to the claims administrator). He further contends the notice to the employer and the claims administrator "substantially complies" with the requirement in West Virginia Code § 23-4-15(a) that an employee's application for workers' compensation benefits be filed within six months of the date of injury. Therefore, as Mr. Baker's argument goes, his application should have been treated as timely filed even though he filed it more than six months after he was injured.

We disagree with Mr. Baker's argument that he complied with the time limitation to apply for workers' compensation benefits under West Virginia Code § 23-4-15(a) merely

---

issue did not serve as a basis in the decision by the Office of Judges or the Board to affirm the Claims administrator. Therefore, the record is not sufficiently developed for appellate review on this issue.

because the employer and the claims administrator knew that he had been injured. As one scholarly treatise has noted: "Under most acts, *there are two distinct limitations periods* that must be observed: The period for *notice of injury*, and the period for *claiming compensation*." 11 Lex K. Larson & Thomas A. Robinson, Larson's Workers' Compensation § 126.01 (Matthew Bender, 2017) (emphasis added). Simply put, the requirement that an injured employee provide notice to his or her employer is separate from the requirement that he or she apply for workers' compensation benefits.

Furthermore, the employers' notice of injury that was provided to the claims administrator provides substantially less information about the injury than an employee's application for workers' compensation benefits. This missing information includes a description of how the injury occurred and a physician's report. Without the physician's report, the claims administrator did not have any way of knowing what specific diagnosis Mr. Baker's injury carried, whether he sought medical treatment (which, in this case, he did not until 2016), or whether he was advised to remain off work for any period of time. In addition, the plain language of the Workers' Compensation Act requires employers to report to the Insurance Commissioner every injury suffered by an employee – without distinction as to whether the employee intends to file an application for workers' compensation benefits. Therefore, the mere fact that the claims administrator knew that Mr. Baker injured his back at work, perhaps seriously, perhaps not, does not mean he was on notice of an impending claim for workers' compensation benefits. Because Mr. Baker did not timely file an employee's application for workers' compensation benefits, the claims administrator was missing a large amount of the information that otherwise would have been available to evaluate Mr. Baker's claim.

This case is similar to *Young v. State Comp. Comm'r*, 121 W.Va. 126, 3 S.E.2d 517 (1939), wherein we held that a claimant was not entitled to workers' compensation benefits even though his employer filed a report of injury with the Insurance Commissioner within six months of his injury. We noted that, while we have excused minor errors by a claimant in applying for workers' compensation benefits, such as failing to sign his or her timely filed application, we generally will not excuse an employee's outright failure to timely file his or her application for workers' compensation benefits. *Id*., 121 W.Va. at 131-33, 3 S.E.2d at 520.

Mr. Baker further argues that the employer and the claims administrator are estopped from asserting the six-month time limitation in West Virginia Code § 23-4-15(a) against him. He claims that his failure to timely file an employee's application for workers' compensation benefits was due to the claims administrator's purported violation of another statute, West Virginia Code § 23-5-1(a) [2009], which provides, in pertinent part:

> [T]he Insurance Commissioner, private carriers and self-insured employers shall promptly review and investigate all claims. . . . As soon as practicable after receipt of any occupational pneumoconiosis or occupational disease claim or any injury claim in which temporary total benefits are being claimed, the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, shall send the claimant a brochure approved by the Insurance Commissioner setting forth the claims process.

It is undisputed that the employer was notified of Mr. Baker's injury on the date that it occurred, April 10, 2014, and the claims administrator received the employer's report of injury four days later, on April 14, 2014. Mr. Baker alleges that he received no communication regarding his injury from the employer or the claims administrator after the claims administrator received the employer's report of injury. He does not claim that the employer or the claims administrator told him that he did not need to file an employee's application for workers' compensation benefits or that the matter "would be taken care of" within six months of his injury.

Mr. Baker contends that the employer's and the claims administrator's purported failure to provide him information on how to file a workers' compensation claim is why the time limitation in West Virginia Code § 23-4-15(a) may not be asserted against him. As to this issue, we have held:

> While [The Workers' Compensation Act] requires the Compensation Commissioner to prepare and distribute forms of application for benefits under the act; and also provides that " . . . it shall be the duty of employers to constantly keep on hand a sufficient supply of such blanks," this requirement cannot be held to . . . furnish an excuse for the failure of the employee to file his application in due time.

*Young*, 121 W.Va. at 132, 3 S.E.2d at 520. Therefore, we have long-held that the failure of an employer or a claims administrator to provide information on how to file a workers' compensation claim, by itself, is not an excuse for an employee's failure to timely apply for workers' compensation benefits. Under the facts of this case, we are provided with no persuasive reason for deviating from this well-established law.

Importantly, Mr. Baker does not claim that the employer or the claims administrator told him that he did not need to file an application for workers' compensation benefits or that the matter would be "taken care of." In *France v. Workmens' Comp. App. Bd.*, 117 W.Va. 612, 186 S.E. 601 (1936), we excused a claimant's failure to timely apply for workers' compensation benefits where, after the claimant verbally reported his injury to the Insurance Commissioner within six months of his injury, the Insurance Commissioner requested additional information about the injury from the employer. As to this conduct by the Insurance Commissioner, we stated:

> We are of opinion that the conduct of the commissioner immediately following the visit of claimant to the commissioner's office and his subsequent communications addressed to the employer are of such character as amount to estoppel on the part of the commissioner to deny that consideration was given the claim [on the ground of claimant's failure to timely apply for workers' compensation benefits]. *His manner of dealing with the matter was clearly such as to warrant the claimant in assuming that the claim*

6

> *had been properly filed as of the date of claimant's appearance in the commissioner's office.*

*Id.*, 117 W.Va. at 615, 186 S.E. at 602. Our holding in *France* is consistent with the rule followed by the majority of jurisdictions that an employee's failure to timely apply for workers' compensation benefits may be excused when the failure was caused by the employer or its insurance carrier misleading the employee to believe that filing an application for workers' compensation is not necessary and that he or she "will be taken care of."[5] Here, neither the employer nor the claims administrator misled Mr. Baker into believing that he did not need to timely file an employee's application for workers' compensation benefits. Accordingly, our holding in *France* does not apply to this case.[6]

Therefore, we decline to adopt Mr. Baker's argument that his application should be treated as timely filed even though he filed it well beyond the six-month time limitation in West Virginia Code § 23-4-15(a).

The other ground relied upon by the claims administrator is that Mr. Baker did not seek medical attention for his April 2014 injury until 2016. West Virginia Code of State Rules § 85-1-3.1 [2009], provides, in pertinent part that: "Immediately after sustaining an occupational injury, a claimant should 1) seek necessary medical care[.]" Mr. Baker provides no argument for why his failure to immediately seek medical care is an improper basis for rejecting his claim.

---

[5] *See* 11 Lex K. Larson & Thomas A. Robinson, Larson's Workers' Compensation Laws § 126.09[1] & [3] (Matthew Bender, 2017) ("The majority rule is that strict compliance with . . . claim requirements may be waived by the employer or the insurer. . . . [O]f the theoretical question whether the late filing goes to the right so as to affect jurisdiction . . . the practical fact seems to be that one way or another this defense can be lost by waiver in the various forms discussed."). *See also, Gore v. Myrtle/Mueller*, 362 N.C. 27, 36, 653 S.E.2d 400, 406-07 (2007) (Stating, as to jurisdictional time limitation for filing application for workers' compensation that, "The rule followed in the overwhelming majority of jurisdictions [is] that employer fault, regardless of whether it is intentional, will excuse the untimely filing of a workers compensation claim. . . . When a claimant is lulled into a false sense of security by statements of employer . . . that the claimant 'will be taken care of' . . . the lateness of the claim has ordinarily been excused.") (internal quotations and citations omitted). *Norman v. BellSouth Telecommunications*, 888 So. 2d 340, 343 (La. Ct. App. 2004) (holding, as to an untimely filed application for workers' compensation benefits, "When, however, the employer lulls the employee into a false sense of security, causing him to withhold suit until after the period has expired, the employer cannot invoke the time bar to defeat compensation.").

[6] However, to the extent that Mr. Baker refrained from filing an employee's application for workers' compensation with BrickStreet for his March 2016 injury, in reliance on a statement by the BrickStreet claims administrator that he should seek compensation from Berkshire Hathaway, our holding in *France* might apply. Our holding in this case has no bearing on any potential claim for workers' compensation Mr. Baker may have with BrickStreet arising from his March 2016 injury.

Because of his failure to seek medical attention, it is unknown how severe Mr. Baker's injury was at the time or the treatment that was necessary to treat the injury. More importantly, without visiting a doctor within six months of his injury, it would have been impossible for him to have submitted a timely application for workers' compensation benefits, complete with a physician's report of injury. Therefore, we do not find the Board erred by affirming the four orders by the claims administrator appealed from by Mr. Baker.

Affirmed.

**CONCURRED IN BY**:
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker