IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SAHAJ MORGANTOWN LLC,**
**Employer Below, Petitioner**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-93**        (BOR Appeal No.: 2058170)
                                (JCN: 2021008467)

**TARA SAPP,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sahaj Morgantown LLC ("employer") appeals the July 25, 2020, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Tara Sapp ("claimant") filed a timely response.[1] The employer did not file a reply brief. The issue on appeal is whether the Board erred in affirming the decision of the Office of Judges ("OOJ"), which held the claimant had timely submitted her claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed and remanded for entry of an order denying the claim as untimely filed.

The claimant was employed by Sahaj Morgantown, LLC, as a housekeeper. On November 13, 2019, the claimant sustained a workplace injury to her nose when she fell while ascending stairs in the normal course of her duties. The claimant submitted her completed Employees' and Physicians' Report of Occupational Injury or Disease ("WC-1") to her employer on May 13, 2020, seeking workers' compensation benefits for her injury. This was the final day the claimant could apply for workers' compensation benefits under the six-month statute of limitations imposed by West Virginia Code § 23-4-15(a) (2010).[2] The matter laid dormant until the claimant's counsel sent letters to the employer

---

[1] The employer is represented by Daniel G. Murdock, Esq. The claimant is represented by Christopher J. Wallace, Esq.

[2] West Virginia Code § 23-4-15(a) requires, in part that "the application for compensation shall be made . . . and filed with the Insurance Commissioner, private carrier

1

on July 2, 2020, and July 15, 2020, advising that he had been retained as counsel regarding this November 13, 2019, workplace injury. In those letters it was requested that the claimant's WC-1 be forwarded to the employer's current workers' compensation insurance carrier, but if the claimant received no response from the employer, it would be assumed the employer no longer possessed current workers' compensation coverage and the matter would be referred to the West Virginia Office of the Insurance Commissioner. These letters further advised that based on counsel's research it appeared the employer's most recent workers' compensation carrier on record was East Guard Insurance Company ("East Guard"). After the employer did not respond, claimant's counsel submitted a letter to the West Virginia Office of the Insurance Commissioner's Uninsured Employer Fund on November 17, 2020, regarding the claim. On November 20, 2020, the claimant's counsel was advised by the Office of the Insurance Commissioner, that the employer still had an active workers' compensation policy with East Guard. On January 4, 2021, the claimant's counsel sent a letter with the WC-1 to East Guard asking it to recognize the claim and pay the benefits due. By order dated March 22, 2021, the claim administrator rejected the claim. The claimant timely filed a written protest to the claim administrator's decision with the OOJ.

The main issues raised before the OOJ were the compensability of the claim and whether the claim was timely filed within six months of the date of injury "with the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable," under West Virginia Code § 23-4-15(a).[3] The claimant argued that the WC-1 was timely filed with her employer in compliance with the statute. Conversely, the employer argued that because the claimant did not file her claim with the employer's private insurance carrier, East Guard, within six months as required by law, it was time barred. On November 1, 2021, the OOJ issued a written decision reversing the claim administrator and finding the claim compensable. On December 1, 2021, the employer filed a motion asking the OOJ to reconsider its order because it did not address the employer's argument regarding the timeliness of the claimant's WC-1. The motion was granted and on March 11, 2022, the OOJ issued a new written decision finding by a preponderance of the evidence that the claim was both compensable and timely filed. In concluding the WC-1 was timely filed under West Virginia Code § 23-4-15(a), the OOJ

_____

or self-insured employer, whichever is applicable, within six months from and after the injury[.]"

[3] The employer also raised issues related to the physician's portion of the WC-1 and the veracity of the handwritten statement of a purported witness who saw the claimant submit the WC-1 to her employer on May 13, 2020. However, because we have accepted May 13, 2020, as the date of submission to the employer, we dispose of this appeal on the issue of timeliness under West Virginia Code § 23-4-15(a). Therefore, the Court will not address the employer's remaining arguments regarding the additional factual findings by the OOJ herein.

found that the claimant could not be held responsible for submitting her form to her employer instead of East Guard because the multiple letters from the claimant's counsel to various parties showed that the claimant had no knowledge of East Guard as the employer's workers' compensation carrier, and that the employer failed to contact or identify the carrier for the claimant in advance of the May 13, 2020, deadline to file her claim.

The employer appealed this decision to the Board. On July 25, 2022, the Board entered an order adopting the findings of fact and conclusions of law of the OOJ and affirming the decision below. It is from this July 25, 2022, decision that the employer now appeals.

The employer appeals the Board's ruling to this Court.[4] Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, the employer argues the Board erred by affirming the OOJ's determination that the claimant's WC-1 was timely filed. Specifically, the employer avers the claimant was required to submit her WC-1 to the employer's private workers' compensation insurance carrier, East Guard, by May 13, 2020, but failed to do so, rendering her application for benefits time barred. After review, we agree.

West Virginia Code § 23-4-15(a) directs that,

---

[4] The employer's brief omits an assignment of error section, which is required by Rules 10(c)(3) and 12(e) of the West Virginia Rules of Appellate Procedure. Counsel is directed to comply with the requirements of our Rules of Appellate Procedure in all future filings with this Court.

the application for compensation shall be made . . . and filed with the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, within six months from and after the injury. . . and unless filed within the six months period, the right to compensation under this chapter is forever barred, such time limitation being hereby declared to be a condition of the right and hence jurisdictional[.]

In this regard, our state's highest court has expressly held that "the six-month time limitation in West Virginia Code § 23-4-15(a) is jurisdictional and a condition of the right to compensation under the Workers' Compensation Act." *Sheena H. ex rel. Russell H. v. Amfire, LLC.*, 235 W. Va. 132, 138, 772 S.E.2d 317, 323 (2015). Further, it is the duty of a claimant to timely file his or her workers' compensation application. *Young v. State Comp. Comm'r*, 121 W. Va. 126, 132, 3 S.E.2d 517, 520 (1939). "[T]he failure of an employer or a claims administrator to provide information on how to file a worker's compensation claim, by itself, is not an excuse for an employee's failure to timely apply for workers' compensation benefits." *Baker v. Ctr. Foundry Mach. Co*., 2018 WL 2261275, at *5 (W. Va. May 17, 2018).

In finding the claim was timely filed, the OOJ and Board were persuaded by the letters from claimant's counsel to the employer, Insurance Commissioner, and claim administrator. In the OOJ and Board's opinion, the letters established that the claimant had no knowledge of the identity of the employer's private insurance carrier due to the employer's lack of cooperation, and thus turning the WC-1 into the employer complied with the statute. We disagree.

While it was recognized in *France v. Workmens' Compensation Appeal Board*, 117 W. Va. 612, 186 S.E. 601 (1936), that a claimant's failure to timely file a WC-1 may be excused when the failure was caused by misleading or deceitful actions of an employer or its insurance carrier, the claimant here does not raise that issue and offered no evidence to support such a conclusion. Not only were the letters dated months after the timeframe set forth in West Virginia Code § 23-4-15(a) had expired, but more critically, the letters failed to allege any misleading or deceitful conduct by the employer or East Guard to substantiate the OOJ and Board's conclusion that the claim was timely filed. Therefore, we find that pursuant to West Virginia Code § 23-4-15(a), the claimant was required to submit her WC-1 to East Guard, not her employer, by May 13, 2020.

The claimant having failed to do so, we conclude that the WC-1 application was time barred and that the OOJ's findings regarding the timeliness of the claimant's WC-1 application were clearly wrong in view of the reliable, probative, and substantial evidence on the whole record. Because we find the claimant's WC-1 was time barred, we are further compelled to conclude that the Board was without jurisdiction to consider the matter and exceeded its statutory authority by finding the claim was timely filed.

The Court recognizes that since the initial rulings in this case, the review process for workers' compensation claims has changed. West Virginia Code § 23-5-8a(a) (2022) provides that,

> [t]he Workers' Compensation Office of Administrative Law Judges, referred to as the Office of Judges, shall terminate on or before October 1, 2022, as provided in §23-5-8b of this code. All powers and duties of the Office of Judges to review objections, protests, or any other matter authorized by this chapter, shall be transferred to the Workers' Compensation Board of Review on July 1, 2022: Provided, That any objection or other matter filed pursuant to this chapter and pending before the Office of Judges upon its termination, in which a final decision has not been issued, shall also be transferred to the Workers' Compensation Board of Review as provided in §23-5-8b of this code.

Accordingly, we reverse and remand this matter to the Board of Review for entry of an order denying claimant's workers' compensation application as untimely, consistent with this opinion.

Reversed and Remanded with Directions.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen