IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JEANETTE WOOD, DEPENDENT OF JOHN D. WOOD (DECEASED),**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-177**        (JCN: 2022004600)

**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER,**
**in its capacity as the administrator of The Self-Insured Guaranty Risk Pool,**
**Respondent**

**FILED**
**September 5, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeanette Wood, dependent of John D. Wood (deceased), appeals the March 30, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Pine Ridge Coal Company, LLC, did not file a response. Respondent West Virginia Offices of the Insurance Commissioner ("WVOIC") in its capacity as the administrator of The Self-Insured Guaranty Risk Pool filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the claim as untimely filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, John D. Wood filed an application for workers' compensation benefits based upon occupational pneumoconiosis ("OP"). Upon our review of the appendix record, it appears as though AIG was the initial third-party administrator ("TPA") in the claim. According to WVOIC, at some point during Mr. Wood's litigation of his

---

[1] Jeanette Wood is represented by Patrick K. Maroney. WVOIC is represented by James W. Heslep, Esq.

claim, Pine Ridge Coal Company's parent corporation went bankrupt, and the liabilities were transferred to The Self-Insured Guaranty Risk Pool administered by WVOIC.

On June 1, 2018, Mr. Wood died. Ms. Wood signed an Application for Fatal Dependents' Benefits on May 15, 2020, and her counsel filed the application with New Hampshire Insurance Company ("NHIC") on May 28, 2020. According to the parties, Ms. Wood, through counsel, did not file an application with the appropriate party (WVOIC or its TPA) until September 3, 2021. On May 11, 2022, the claim administrator denied Ms. Wood's application for dependents' benefits on a nonmedical basis because the application was untimely filed.[2] Ms. Wood protested.

Among the evidence submitted into evidence was an order issued by the Office of Judges ("OOJ") in Mr. Wood's OP claim which was dated January 30, 2017.[3] In that order, the OOJ listed the WVOIC as a party and its TPA (HealthSmart) was provided with a copy of the decision. AIG was not provided a copy of the decision. Also submitted into evidence was an e-mail from Ms. Wood's counsel's office wherein a legal assistant states, "We filed this claim with New Hampshire Insurance Company, which typically uses AIG as their TPA."

By order dated March 30, 2023, the Board affirmed the claim administrator's order, which denied the claim as untimely filed. The Board found that the January 30, 2017, order issued by the OOJ listed the correct parties, including the WVOIC, and indicated that a copy of the decision was provided to WVOIC's TPA—not AIG. The Board noted that this Court had previously addressed the timeliness of an application for benefits in *Sahaj Morgantown LLC v. Sapp*, No. 22-ICA-93, 2023 WL 152152 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision), wherein we acknowledged that a claimant's failure to timely file a WC-1 form may be excused when the failure was caused by misleading or deceitful actions of an employer or its insurance carrier. *Id.* at *3 (citing *France v. Workmens' Comp. App. Bd.*, 117 W. Va. 612, 186 S.E. 601 (1936)). Here, the Board found that Ms. Wood's application was not properly filed within two years after Mr. Wood's death and, in light of this Court's holding in *Sapp*, the claim administrator did not err in denying the claim as untimely filed. Ms. Wood appeals.

---

[2] Pursuant to West Virginia Code § 23-4-15(b) (2009), an application for dependents' benefits in an OP claim "shall be filed by the dependent of the employee within two years from and after the employee's death, and such time limitation is a condition of the right and hence jurisdictional."

[3] This order was not included in the appendix record on appeal. However, an earlier order, dated June 21, 2016, was included in the appendix record on appeal and it also correctly lists WVOIC as a party and indicates that a copy of the decision was provided to WVOIC's TPA, not AIG. It is unclear whether this order was also submitted before the Board below.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Wood argues that her application for benefits was filed with NHIC because it was the original carrier in Mr. Wood's OP claim and, "to the best of [Ms. Wood's] counsel's knowledge, it was still the proper carrier at the time the claim for dependent[s'] benefits was filed on May 28, 2020." Ms. Wood argues that she timely filed her application with NHIC, and that the evidence clearly demonstrates that its TPA, AIG, handled the underlying claim. Ms. Wood contends that she did not become aware that the claim had been transferred to another entity until September 1, 2021, at which point she filed the application again. Ms. Wood argues that NHIC and AIG should have issued a notice alerting her that the claim had been transferred. Ms. Wood further avers that to deny her application on such a technicality would be an injustice pursuant to West Virginia Code § 23-5-13a (2022), which states that it is "the policy of this chapter to prohibit the denial of just claims of injured or deceased workers or their dependents on technicalities."

Upon our review, we disagree with Ms. Wood's arguments. As noted above, West Virginia Code § 23-4-15(b) requires that a claim for dependents' benefits in OP claims be filed within two years of the date of the employees' death. The Supreme Court of Appeals of West Virginia has held that "the Legislature has made the statute of limitations contained in West Virginia Code § 23-4-15(b) jurisdictional." *Argus Energy, LLC v. Marenko*, __ W. Va. __, __, 887 S.E.2d 223, 230 (2023) (citations omitted).

At the outset, we note that Ms. Wood has failed to demonstrate that NHIC was the original carrier in her claim and, therefore, we cannot find that it was reasonable for her counsel to have filed her application for benefits with NHIC.

Further, contrary to Ms. Wood's arguments, the jurisdictional requirement that a claim be filed within two years is not a "technicality." In fact, the Legislature deems the statutory filing period important enough to make it a condition of pursuing a dependent's claim. The record contains no evidence of misleading statements or deceitful conduct on part of the TPA in this claim or the living OP claim filed in 2015. Stated simply, Ms. Wood filed her claim with the wrong party and the statutes of limitations expired. West Virginia Code § 23-4-15(b) does not give the Board or this Court the authority to reverse a claim rejection under these circumstances.

Moreover, there is ample evidence that Ms. Wood had actual notice that the WVOIC was the proper defendant and that HealthSmart was its TPA. Ms. Wood argues that she did not receive notice of the change in insurance carriers until September of 2021; however, the record belies this assertion. The Board found that a January 2017 order clearly indicated that WVOIC handled the claim and that its TPA, HealthSmart (and not AIG), was provided with a copy of the order. Indeed, on appeal, Ms. Wood includes an earlier order from June 2016, which also includes the correct parties and does not list AIG as the TPA to receive a copy of the order. Importantly, Ms. Wood's current counsel also represented Mr. Wood during the litigation of his living OP claim and, according to this 2016 order, he was provided with a copy of the decision and would have had actual notice that the claim was transferred from the original insurance carrier.

In sum, Ms. Wood filed an application for dependents' benefits with the appropriate provider fifteen months after the statute of limitations expired, and she failed to demonstrate any legally recognized justification for tolling the statute of limitations. Thus, her claim was properly rejected as untimely filed pursuant to West Virginia Code § 23-4-15(b). Accordingly, we affirm the Board's March 30, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating.

4