# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MCDOWELL COUNTY BOARD OF EDUCATION,**
**Employer Below, Petitioner**

**FILED**
**January 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-251**        (JCN: 2023009609)

**MONICA J. NELSON,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner McDowell County Board of Education ("MCBOE") appeals the May 22, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Monica J. Nelson filed a response.[1] MCBOE did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim as untimely.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 18, 2022, Ms. Nelson suffered a workplace injury while employed by MCBOE, when she slipped on hand sanitizer that was on the floor and fell. On the same day, Ms. Nelson's supervisor completed an Employee In-House Incident Report indicating that Ms. Nelson sustained injuries to her right knee, left upper leg, and lower back when she slipped and fell outside of the girls' bathroom on hand sanitizer that was on the floor. The form contains the following instructions:

> This form is to be completed by the supervisor of the department in which a work injury or incident occurs. The completed form is to be returned to D. Ann Mullins, finance office, within 24 hours of job injury or as soon as you become aware of the injury. This form needs to be turned in prior to going to the hospital and if seeking compensation, employee will also need a claim number to take to the hospital.

---

[1] MCBOE is represented by James W. Heslep, Esq. Ms. Nelson is not represented.

1

Ms. Nelson was seen at Bluewell Family Clinic on August 9, 2022, by Eric McClanahan, D.O. She reported pain in her left foot as a result of a fall in May. Ms. Nelson indicated that the fourth toe on her left foot was numb and that she had pain from her ankle all the way to her toes. Dr. McClanahan ordered an x-ray of her left foot.

Ms. Nelson submitted two additional Employee In-House Incident Reports. The first was dated September 26, 2022, and indicated that Ms. Nelson's previously injured foot was stepped on by another person. The second report dated September 30, 2022, indicated that another person tripped over Ms. Nelson's previously injured foot.

Between October 4, 2022, through December 29, 2022, Ms. Nelson contacted D. Ann Mullins five times for updates and assistance regarding her workers' compensation claims. On October 4, 2022, Ms. Nelson asked Ms. Mullins for guidance on how to proceed. She stated that when she filed an incident report after the incident last spring, she did not know she needed medical attention. She indicated she had been to her primary care provider, x-rays were performed, and she was treated by a chiropractor several times. She was being referred to a physical therapist and needed a claim number. On October 7, 2022, Ms. Nelson asked Ms. Mullins if she was the person from whom to get the claim number. On October 9, 2022, Ms. Mullins informed Ms. Nelson that she was aware of three claims for injury dates of April 20, 2018, September 26, 2022, and September 29, 2022. Ms. Nelson was directed to contact Encova Insurance to verify the claim number needed for the treatment. Ms. Mullins identified herself as the HR Supervisor. On October 12, 2022, Ms. Nelson told Ms. Mullins that she would fax a copy of the May 18, 2022, Incident Report to her. On October 12, 2022, Ms. Mullins provided a fax number to Ms. Nelson. On December 29, 2022, Ms. Nelson told Ms. Mullins that she spoke to Encova and was told that Encova issues a claim number and relays that information to the employer. Ms. Nelson asked Ms. Mullins for the claim number associated with the May 2022 incident. On December 29, 2022, Ms. Mullins provided Ms. Nelson with a claim number.

Ms. Nelson was treated by Dr. McClanahan on November 16, 2022, and he noted that Ms. Nelson complained of a fall in May when she was at school and slipped on hand sanitizer. The assessment was unspecified mononeuropathy of the lower limb. Dr. McClanahan opined that Ms. Nelson's fall may have resulted in a pinched nerve, and he recommended getting an MRI. On January 3, 2023, Dr. McClanahan referred Ms. Nelson to Dr. Robert Crow, a neurosurgeon.

On February 22, 2023, Ms. Nelson sent a fax to Mary Rose of Encova and included Incident Reports, chiropractic statements, email messages, invoices, and other documents. On March 1, 2023, Ms. Nelson completed an Employees' and Physicians' Report of Occupational Injury or Disease alleging that on May 18, 2022, she sustained injuries to her right knee, left leg, buttocks, back, and left foot when she slipped and fell outside of the girls' bathroom because hand sanitizer was on the floor. The physician's portion of the application was signed by Dr. McClanahan, who indicated that Ms. Nelson had sustained

an occupational injury to her left ankle and left hip. He listed the diagnosis codes as M79.672 and G57.90. In an addendum to the claim application, Ms. Nelson alleged that on September 26, 2022, another teacher took a step, and his foot landed on her injured left foot; and on September 29, 2022, the principal's son ran into the office and landed on injured her left foot.

Rebecca Thaxton, M.D., completed a Physician Review on March 16, 2023. She said the diagnoses included on the claim application were left foot pain and demyelinating disease (Multiple Sclerosis, MS, diagnosis code G37.9). She opined that the medical evidence does not support that a work injury caused the diagnosis codes written on the claim application.

On May 22, 2024, the Board reversed the claim administrator's order rejecting the claim. The Board found that Ms. Nelson was injured in the course of and resulting from her employment. The Board further found that Ms. Nelson's failure to submit the WC-1 form in a timely manner was caused by misleading actions on the part of MCBOE. MCBOE now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, MCBOE argues that Ms. Nelson failed to properly file her claim within the time limit set forth in West Virginia Code § 23-4-15(a) (2010). MCBOE further argues that there is no evidence to substantiate the Board's finding that MCBOE misled or

deceived Ms. Nelson in the claim reporting process, thus this claim should be time-barred. We disagree.

West Virginia Code § 23-4-15(a) provides that the application for compensation shall be filed within six months from and after the injury, and unless filed within the six months, the right to compensation is forever barred. In *France v. Workmen's Comp. App. Bd.*, 117 W. Va. 612, 186 S.E. 601 (1936), the Supreme Court of Appeals of West Virginia recognized that a claimant's failure to timely file a written claim application may be excused when the failure was caused by misleading or deceitful actions of an employer or its insurance carrier.

Here, the Board noted the following:

> The employer was notified of the injury on the day it occurred. On that day, the claimant's supervisor opined that it was work related. The claimant contacted her employer's PR Supervisor and asked how to proceed and inquired about a claim number in a timely manner. There is no indication that the PR Supervisor provided the claim number to the claimant until December 29, 2022.

The Board found that Ms. Nelson's delay in filing her claim was due to the action of MCBOE and thus, found that Ms. Nelson's claim was timely filed.

Upon review, we conclude that the Board was not clearly wrong in finding that MCBOE misled Ms. Nelson, leading to a delay in filing her claim. We note, as did the Board, that when Ms. Nelson was provided with the claim number that she was told she needed to file her claim, it was already past the time limit for filing. Thus, we conclude that the Board was not clearly wrong in finding that Ms. Nelson's claim was timely filed. Further, as the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

Accordingly, we affirm the Board's May 22, 2024, order.

Affirmed.

**ISSUED:** January 29, 2025

4

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White, not participating